## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES LLC D/B/A GENESIS DIAGNOSTICS, | No. 2:24-cv-00227-CFK |
| *Plaintiff,* | |
| *v.* | |
| UPMC HEALTH PLAN INC. and UNIVERSITY OF PITTSBURGH MEDICAL CENTER, | |
| *Defendants.* | |

### DEFENDANTS' ANSWER AND DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center (collectively, "UPMC") hereby submit their Answer and Defenses to the Amended Complaint of Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics by responding to the numbered paragraphs of the Amended Complaint as follows:

### AS TO "NATURE OF THE CASE"

1.      The allegations in Paragraph 1 contain legal conclusions to which no response is required.  UPMC admits only that, upon information and belief, some claims submitted by Plaintiff were not paid by UPMC for legitimate, good-faith reasons in compliance with applicable UPMC plan(s) and applicable law.  UPMC denies all remaining factual allegations in Paragraph 1.

2.      The allegations in Paragraph 2 contain legal conclusions to which no response is required.  UPMC admits only that, upon information and belief, some claims submitted by Plaintiff were not paid by UPMC for legitimate, good-faith reasons in compliance with applicable UPMC plan(s) and applicable law.  UPMC denies all remaining factual allegations in Paragraph 2.

3.      The allegations in Paragraph 3 contain legal conclusions to which no response is required.  UPMC admits only that, upon information and belief, some claims submitted by Plaintiff were not paid by UPMC for legitimate, good-faith reasons, including allegations (a) through (d), in compliance with applicable UPMC plan(s) and applicable law.  UPMC denies all remaining factual allegations in Paragraph 3.

4.      The allegations in Paragraph 4 contain legal conclusions to which no response is required.  To the extent further response is required, UPMC denies all remaining factual allegations in Paragraph 4.

## AS TO "PARTIES"

5.      UPMC admits, upon information and belief, that Plaintiff was an out-of-network provider with respect to UPMC and its members.  All other allegations in Paragraph 5 are denied, as UPMC is without sufficient information or knowledge to form a belief as to the truth or accuracy of such allegations.

- 2 -

6.      It is admitted that Defendant, UPMC Health Plan, Inc., is a non-profit corporation that is incorporated in Pennsylvania and has a place of business located at 600 Grant Street, US Steel Tower, 55th Floor, Pittsburgh, Pennsylvania 15219. Except as admitted, UPMC denies the factual allegations in Paragraph 6.

7.      It is admitted that Defendant, University of Pittsburgh Medical Center, is a non-profit corporation that is the ultimate parent corporation of UPMC Health Plan, Inc.  It is also admitted that Defendant, University of Pittsburgh Medical Center, has a place of business located at 200 Lothrop Street, Pittsburgh, Pennsylvania 15213.  Expect as admitted, UPMC denies the factual allegations in Paragraph 7.

## AS TO "FACTUAL BACKGROUND"

8.      The allegations contained in Paragraph 8 contain legal conclusions to which no response is required.  UPMC admits only, upon information and belief, that Plaintiff operated a medical testing laboratory business.  All other allegations in Paragraph 8 are denied as UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations.

9.      The allegations in Paragraph 9 contain legal conclusions to which no response is required.  By way of further answer, Exhibit 1 is a written document that speaks for itself, and UPMC denies any characterization thereof.  To the extent any further response is required, UPMC admits that some of the unique claim

- 3 -

numbers in Exhibit "1" reflect transactions that Plaintiff submitted to UPMC but denies that others do. With regard to whether Plaintiff "rendered Laboratory Testing Services," UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9, and therefore, UPMC denies such allegations.

10.     The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, UPMC denies the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent further response is required, UPMC denies all remaining factual allegations in Paragraph 11.

12.     It is admitted that UPMC advised Plaintiff that, for certain claims, Plaintiff had failed to submit sufficient information, had untimely submitted the claim, and/or that there was no coverage. Except as admitted, UPMC denies the factual allegations in paragraph 12.

13.     The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent further response is required, UPMC denies all remaining factual allegations in Paragraph 13.

10/14/2024 SL1 2403087v1 102120.00049

## <u>AS TO "COUNT 1 – Breach of Contract"</u>

13. [1]    UPMC incorporates by reference its responses to the foregoing

Paragraphs above as if set forth fully herein.

14.    The allegations in Paragraph 14 contain legal conclusions to which no

response is required.  To the extent a response is required, UPMC lacks sufficient

information or knowledge to form a belief as to the truth or accuracy of the

allegations contained in Paragraph 14, and therefore, UPMC denies such

allegations.

15.    The allegations in Paragraph 15 refer to a purported writing that

speaks for itself.  UPMC denies any characterization thereof.  To the extent further

response is required, UPMC lacks sufficient information or knowledge to form a

belief as to the truth or accuracy of the allegations contain in Paragraph 15, and

therefore, UPMC denies such allegations.

16.    The allegations in Paragraph 16 contain legal conclusions to which no

response is required.  Paragraph 16 also includes averments for which UPMC lacks

sufficient information or knowledge to form a belief as to the truth or accuracy,

and therefore, UPMC denies such allegations.  To the extent a response is required,

UPMC denies the allegations in Paragraph 16.

---

[1] Plaintiff's complaint contains two paragraphs numbered 13.

10/14/2024 SL1 2403087v1 102120.00049

17.    The allegations in Paragraph 17 contain legal conclusions to which no response is required.  Paragraph 17 also includes averments for which UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy, and therefore, UPMC denies such allegations.  To the extent a response is required, UPMC denies the allegations in Paragraph 17.

18.    The allegations in Paragraph 18 contain legal conclusions to which no response is required.  Paragraph 18 also includes averments for which UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy, and therefore, UPMC denies such allegations.  To the extent a response is required, UPMC admits only that Plaintiff submitted certain claims.  UPMC denies all remaining factual allegations in Paragraph 18.

19.    The allegations in Paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is required, UPMC denies the allegations of paragraph 19.

20.    The allegations in Paragraph 20 contain legal conclusions to which no response is required.  To the extent a response is required, UPMC denies the allegations of paragraph 20.

21.    The allegations in Paragraph 21 contain legal conclusions to which no response is required.  To the extent a response is required, UPMC denies the allegations of paragraph 21.

10/14/2024 SL1 2403087v1 102120.00049

22.     The allegations in Paragraph 22 contain legal conclusions to which no response is required.  To the extent a response is required, UPMC denies the allegations of paragraph 22.

### AS TO "COUNT II – Quantum Meruit/Unjust Enrichment"

23.     UPMC incorporates by reference its responses to the foregoing Paragraphs as if stated fully herein.

24.     The allegations in Paragraph 24 contain legal conclusions to which no response is required.  Paragraph 24 also includes averments for which UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy, and therefore, UPMC denies such allegations.  To the extent a response is required, UPMC denies the allegations of paragraph 24.

25.     The allegations in Paragraph 25 contain legal conclusions to which no response is required.  Paragraph 25 also includes averments for which UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy, and therefore, UPMC denies such allegations.  To the extent a response is required, UPMC denies the allegations of paragraph 25.

26.     The allegations in Paragraph 26 contain legal conclusions to which no response is required.  Paragraph 26 also includes averments for which UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy,

and therefore, UPMC denies such allegations.  To the extent a response is required, UPMC denies the allegations of paragraph 26.

27.    The allegations in Paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is required, UPMC denies the allegations of paragraph 27.

28.    The allegations in Paragraph 28 contain legal conclusions to which no response is required.  Paragraph 16 also includes averments for which UPMC lacks sufficient information or knowledge to form a belief as to the truth or accuracy, and therefore, UPMC denies such allegations.  To the extent a response is required, UPMC denies the allegations of paragraph 28.

29.    The allegations in Paragraph 29 contain legal conclusions to which no response is required.  To the extent a response is required, UPMC denies the allegations of paragraph 29.

WHEREFORE, Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center deny that Plaintiff is entitled to any relief including, (a) compensatory, direct, or actual damages in the amount claimed; (b) all legal, equitable, consequential, and/or incidental damages; (c) attorney's fees, costs of court, and out-of-pocket expenses; (d) pre- and post-judgment interest at the highest rate(s) allowed by law; and (e) any other or further relief, either at law or in equity.  Therefore, UPMC demands that:

(1) Plaintiff's Amended Complaint be dismissed with prejudice;

(2) Judgment be entered against Plaintiff; and

(3) judgment be entered in favor of Defendants UPMC Health Plan Inc. and

University of Pittsburgh Medical Center together with an award of costs

of suit, including attorneys fees and expert witness fees and for such

other relief as the Court deems just and proper.

## DEFENSES

### First Defense

Plaintiff's Amended Complaint fails to comply with the Federal Rules of
Civil Procedure because, *inter alia*, Plaintiff fails to aver a jurisdictional basis for
this Court to entertain its alleged claims.  *See* FED. R. CIV. P. 8.

### Second Defense

Plaintiff fails to aver grounds for this Court to exercise jurisdiction over
Plaintiff's alleged claims and therefore, the Amended Complaint should be
dismissed.

### Third Defense

The Amended Complaint, and each cause of action stated therein, fails to
state a claim upon which relief can be granted.

**Fourth Defense**

Plaintiff's breach of contract claim is barred in whole or in part because there is no contract between Plaintiff and UPMC, for failure of consideration, and because Plaintiff lacks rights as a third-party beneficiary.

**Fifth Defense**

To the extent that the Court determines that a contract exists between Plaintiff and UPMC, Plaintiff's breach of contract claim fails because of Plaintiff's material breach and/or failure to perform its obligations under the contract.

**Sixth Defense**

Plaintiff's claims are be barred, in whole or in part, by its failure to properly or adequately mitigate its claimed damages, if any, by continuing to pursue claims that were not covered by any applicable UPMC plan.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, by all applicable terms and conditions of applicable UPMC plan(s).  Any benefits under any applicable plan would be subject to plan limitations, offsets, deductions, or adjustments.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent they concern benefit claims submitted by or on behalf of members of non-party entities, namely, entities other than UPMC.

**Ninth Defense**

To the extent that the Court determines that a contract exists between Plaintiff and UPMC, Plaintiff's breach of contract claim fails to the extent UPMC performed its obligations under such contract.

**Tenth Defense**

Plaintiff's claims are barred in whole or in part because there was no benefit conferred on UPMC for purposes of quantum meruit/unjust enrichment.

**Eleventh Defense**

Plaintiff's claims are barred, in whole or in part, because UPMC's claim determinations were not arbitrary or capricious, but rather, were made in good faith and in accordance with the terms of applicable UPMC plan(s).

**Twelfth Defense**

UPMC asserts that it had, and continues to have, a reasonable and good faith basis for its denial, payment, or non-payment of Plaintiff's claims, in whole or in part.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, payment, and release, including because UPMC's alleged obligations, if any, have been fulfilled and discharged.

## Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by a failure to satisfy conditions precedent, including but not limited to any requirements that members exhaust pre-suit appeals prior to filing legal action.

## Fifteenth Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or, where applicable, contractual limitations periods.

## Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Nineteenth Defense

Plaintiff failed to exhaust administrative remedies under the terms of the plan or, as applicable, required by law.

## Twentieth Defense

The claims for which Plaintiff seeks recovery are barred, in whole or in part, because the claims asserted are not payable under the terms of any insurance or

- 12 -

benefit plan(s) at issue herein by virtue of the plan terms and limitations contained therein.

## Twenty-First Defense

To the extent Plaintiff is entitled to damages, which UPMC expressly denies, UPMC is entitled to recoup and/or offset amounts UPMC paid beyond the amount to which Plaintiff is entitled.

UPMC reserves the right to subsequently assert and add defenses to the Amended Complaint, and any part and/or whole thereof, as they become known to UPMC, including but not limited to conditions and/or exclusions and contractual defenses in the event of discovery of further information regarding Plaintiff's claims, the underlying action(s), and/or the provisions, terms and conditions of any and all applicable benefit plan(s) at issue.

## REQUEST FOR RELIEF

WHEREFORE, Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center respectfully request that: (1) Plaintiff's Amended Complaint be dismissed with prejudice; (2) judgment be entered against Plaintiff; and (3) judgment be entered in favor of Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center together with an award of costs of suit, including attorneys fees and expert witness fees and for such other relief as the Court deems just and proper.

- 13 -

## COUNTERCLAIM

Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center (collectively, "UPMC") hereby counterclaim against Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics as follows:

30.    UPMC incorporates by reference the statements in the foregoing Paragraphs above as if stated fully herein.

31.    If and to the extent this Court finds that the statute of limitations does not preclude Plaintiff's alleged causes of action in whole or in part, UPMC is entitled to relief against Plaintiff and thus counterclaims against Plaintiff for $146.229.20, plus interest.

## COUNT I—QUANTUM MERIT/UNJUST ENRICHMENT

32.    During the period for which Plaintiff claims damages, Plaintiff submitted to UPMC claims for payment pertaining to various testing services that Plaintiff asserts it rendered to multiple alleged members/subscribers insured by UPMC ("Plaintiff's Claims").

33.    During the period for which Plaintiff claims damages, UPMC processed and paid, in whole or in part, many of Plaintiff's Claims, subject to a reservation of rights and the rights provided in applicable UPMC plan(s).

10/14/2024 SL1 2403087v1 102120.00049

34.    Subsequent audit and analysis showed many of the payments sought and obtained by Plaintiff ultimately were improper, in the total net amount of $146,229.20.

35.    UPMC only made the payments because Plaintiff led UPMC to make them based on the representation that the payments were properly claimed and in the proper amounts.

36.    By receiving and retaining the payments totaling the net amount of $146,229.20, Plaintiff has been unjustly enriched at UPMC's expense.

37.    It is against equity and good conscience to permit Plaintiff to retain these payments.

38.    By reason of the unjust enrichment of Plaintiff at UPMC's expense, UPMC is entitled to judgment against Plaintiff in the amount of not less than $146,229.20, plus interest.

WHEREFORE, Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center respectfully request that judgment be entered in favor of Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center and against Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics on UPMC's counterclaim and that UPMC be awarded on its counterclaim damages of $146,229.20, plus interest, together with an award of costs of suit, including

10/14/2024 SL1 2403087v1 102120.00049

attorneys fees and expert witness fees and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Matthew C. Brunelli*

Karl S. Myers (No. 90307)
Matthew C. Brunelli (No. 93498)
STEVENS & LEE
1500 Market Street
East Tower, 18th Floor
Philadelphia, PA 19102
(215) 751-2864
karl.myers@stevenslee.com
(215) 751-1955
matthew.brunelli@stevenslee.cm
Counsel for Defendants,
UPMC Health Plan Inc. and
University Of Pittsburgh Medical
Center

Date: October 14, 2024