# IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, | DOCKET NO. 2:24-CV-00227-CFK |
| Plaintiff | **PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| vs. | |
| UPMC HEALTH PLAN INC. and UNIVERSITY OF PITTSBURGH MEDICAL CENTER, | |
| Defendants | |

**PLEASE TAKE NOTICE** that Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Abira" or "Plaintiff") furnish answers, under oath or certification to Defendants, UPMC Health Plan Inc. and University of Pittsburgh Medical Center's (collectively referred "Defendants") Interrogatories.

## I. <u>DISCLAIMER</u>

The word usage and sentence structure contained in the discovery responses may be that of an attorney assisting in the preparation of the answers and, thus, does not necessarily purport to be precise language of the executing party.

## II. <u>RESERVATION OF RIGHTS</u>

Plaintiff reserves the right to supplement and/or amend their responses at any time throughout the course of the discovery period should never information become known.

Plaintiff reserves the right to present any document exchanged throughout the course of discovery at the time of trial.

Plaintiff reserves the right to call any individual referenced in any of the documents exchanged throughout the course of discovery as a fact and/or rebuttal witness at time of trial.

III. **GENERAL OBJECTIONS**

1.   Plaintiff objects to the interrogatories served by Defendants to the extent that these requests seek information or documents that are protected from disclosure by privilege for attorney-client communications and for attorney work product. Inadvertent production of any such information or documents shall not constitute a waiver of any privilege or any ground for objections and discovery with respect to such information or documents, or any other information or documents, or with respect to the subject matter thereof, or the information contained therein, nor shall such inadvertent production waive the right of Plaintiff to object to the use of any such information or document in any proceeding.

2.   Plaintiff objects to the interrogatories to the extent that they purport to seek information or documents that are materials prepared in anticipation of litigation or for trial, including mental impressions, conclusions or analysis of any attorney or other representative.

3.   Plaintiff objects to the interrogatories to the extent that they purport to demand a response that goes beyond Plaintiff's obligations pursuant to Federal Rules of Civil Procedure.

4.   Plaintiff objects to the interrogatories to the extent that they seek information or documents not in the possession, custody, or control of Plaintiff.

5.   Plaintiff objects to the interrogatories to the extent that they are overly broad, seek information or documents that are neither relevant to the subject matter involved in the instant action nor reasonably calculated to lead to the discovery of admissible evidence, or are oppressive or unduly burdensome.

6.   Plaintiff objects to the interrogatories as overly broad as no time period is provided for which Defendants seeks expansive and detailed descriptions and identification of various facts.

7.   Plaintiff objects to the interrogatories to the extent that they seek information that is already in the public domain or possession of the propounding party or a third party and is readily available from a source other than Plaintiff in a more convenient, less burdensome, or less expensive manner.

8.   The foregoing general responses and objections are incorporated by reference as if set forth in response to each of the individual interrogatories. Any response to each interrogatory is made notwithstanding and without waiving these objections. Likewise, where a specific objection is made to any sub-part of any interrogatory, that objection also applies to every other sub-part of that interrogatory that cross-references, explicitly or implicitly, the objectionable sub-part.

## **Plaintiff's ANSWERS TO DEFENDANTS'**
## **FIRST SET FOR INTERROGATORIES**

1. State the name, address, telephone number, and email address for each natural person involved in answering these Interrogatories and/or UPMC's First Set of Requests for Production of Documents and/or in any aspect of the production of documents in response to those Requests, including persons who you consulted or who provided information relied on by you in answering or producing, and state the information and/or documents supplied by each such person.

**OBJECTIONS**: Plaintiff objects to this Interrogatory seeks information protected by attorney-client privilege and/or work product doctrine objections.

**RESPONSE**: Subject to, and without waiving the foregoing objections, Plaintiff refers Defendans to the certification below. Information supplied in these responses is not based solely on the knowledge of the executing person but includes knowledge and information gathered or obtained from persons identified in documents produced and others.

2. State the name, address, telephone number, and email address for each natural person with knowledge of any of the facts alleged in Abira's Amended Complaint (ECF No. 20) and describe the subject matter and substance of each person's knowledge.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, absence of control, time frame, relevance, repetitive, ambiguous, attorney client-privilege, work product, and form objections. This interrogatory was asked and answered in Plaintiff's initial disclosures.

**RESPONSE:** Subject to, and without waiving, the foregoing objections, Plaintiff reserves identifies any individuals referenced in Plaintiff's bates stamped document production, ABIRA000001 to ABIRA008314, including but not limited to patients, physician providers, etc. Plaintiff reserves the right to call as a witness any individual and/or entity identified in the produced documents exchanged during discovery. In the best effort to answer this interrogatory, Plaintiff identifies persons who have personal knowledge of information relevant to this case.

Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics has personal knowledge of all relevant issues. Plaintiff identifies Alan Miller, Abraham Miller, Alan Ace, Harry Myles, Kevin Rox, Michael Sloskey, Elliott Vernon, and other former or present employees with relevant information.

Defendants' representatives should be familiar with the claims process and practices, processing of specific claims at issue in this matter, response to claims, and further adjudication of rights.

Plaintiff reserves the right to amend and/or supplement this disclosure.

3.   State the name, address, telephone number, and email address for each natural person with knowledge of the damages that are alleged in Abira's Amended Complaint and describe the substance of each person's knowledge.

**OBJECTIONS:** Plaintiff objects to this Interrogatory under the overly broad and ambiguous, subject to attorney-client privilege and work product. Fed. R.Civ. P. 26.

**RESPONSE:** Subject to, and without waiving, the foregoing objections, attached to the Amended Complaint as Exhibit 1 and further documents provided in Plaintiff's bates stamped document production, ABIRA000001 to ABIRA008314, is a computation of the damages sought by Plaintiff. In addition, Plaintiff seeks consequential damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs of suit and such other relief as ordered. Plaintiff also repeats responses to Interrogatory No. 2 above. Plaintiff reserves the right to supplement this response.

4.    State the name, address, telephone number, and email address for each natural person with knowledge of the allegedly unpaid balances that are alleged in Abira's Amended Complaint and describe the substance of each person's knowledge.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, and form objections. This interrogatory was asked and answered in Plaintiff's initial disclosures. This interrogatory ignores the fact that Plaintiff is a limited liability company and brings forth the Amended Complaint.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, see response to Interrogatory No. 2 above.

5.    State the name, address, telephone number, and email address for each current and former Abira employee with knowledge of Abira's efforts to collect the allegedly unpaid balances identified in the Amended Complaint.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, and form objections.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, see response to Interrogatory No. 2 above.

6.    Describe in detail Abira's internal policies and procedures regarding the steps it followed to collect funds for clinical, laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services it rendered in 2016 through 2023 from insurers.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, overly burdensome and ambiguous, subject to attorney-client privilege and work product. Fed. R.Civ. P. 26.

**RESPONSE**: Subject to, and without waiving the foregoing objections, see Plaintiff's bates stamped document production, ABIRA000001 to ABIRA008314, which includes documents setting forth the steps taken against the Defendants in an effort to collect funds for laboratory testing services performed in 2016 through 2023, including but not limited to test results, screenshots, Health insurance forms, appeal letters, change health exchange information and other documentation. Plaintiff reserve the right to rely on any document and information exchanged during discovery. Plaintiff reserves the right to supplement this response.

7. Describe in detail Abira's internal policies and procedures regarding the steps it follows to collect unpaid balances associated with its performance of clinical, laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services it rendered in 2016 through 2023.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, overly burdensome, repetitive and ambiguous, subject to attorney-client privilege and work product. Fed. R.Civ. P. 26.

**RESPONSE**: Subject to, and without waiving the foregoing objections, see Plaintiff's bates stamped document production, ABIRA000001 to ABIRA008314, which includes documents setting forth the steps taken against the Defendants in an effort to collect funds for laboratory testing services performed in 2016 through 2023, including but not limited to test results, screenshots, Health insurance forms, appeal letters, change health exchange information and other documentation. Plaintiff reserve the right to rely on any document and information exchanged during discovery. Plaintiff reserves the right to supplement this response.

8. State the name, address, telephone number and email address for each current and former Abira employee with knowledge of Abira's internal policies and procedures regarding the steps it follows to collect unpaid balances associated with its performance

of clinical, laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, and form objections. This interrogatory was asked and answered in Plaintiff's initial disclosures. This interrogatory ignores the fact that Plaintiff is a limited liability company and brings forth the Amended Complaint.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, see response to Interrogatory No. 2 above.

9. Describe in detail all steps Abira has taken, is taking, and expects to take to recover funds from any and all natural persons that Abira claims were members/subscribers insured by UPMC during the period alleged in the Amended Complaint or any such recovery from any other person or entity.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusions and form objections.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, none at this time.

10. State the name, address, telephone number, and email address for each current or former Abira employee with knowledge of Abira's efforts to recover funds from all natural persons that Abira claims were members/subscribers insured by UPMC during the period alleged in the Amended Complaint or any such recovery from any other person or entity.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusions and form objections.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, none at this time.

11.   State the total dollar amount that Abira has recovered from any and all natural persons that Abira claims were members/subscribers insured by UPMC during the period alleged in the Amended Complaint or any such recovery from any other person or entity.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusions and form objections.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, none at this time.

12.   State the name, address, telephone number, and email address of each UPMC insured that you allege had requisitions submitted on their behalf for laboratory testing services containing an assignment of benefits that created contractual obligations on the part of UPMC to pay for laboratory testing services that Abira allegedly provided to such insureds.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusion and requests documents already in Defendants' control.
**RESPONSE**: Subject to, and without waiving, the foregoing objections, see Bates stamped ABIRA000001 to ABIRA008314, including but not limited to requisitions, health 1500 forms, and

other documents that contain the requested information above. Plaintiff reserves the right to rely on any documents exchanged between the parties.  Plaintiff reserves the right to supplement this response.

13.  State the name, address, telephone number and email address of each UPMC insured that you allege executed an assignment of benefits with respect to any requisitions for services.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusion and requests documents already in Defendants' control.
**RESPONSE**: Subject to, and without waiving, the foregoing objections, see Bates stamped ABIRA000001 to ABIRA008314, including but not limited to requisitions, health 1500 forms, and other documents that contain the requested information above. Plaintiff reserves the right to rely on any documents exchanged between the parties.  Plaintiff reserves the right to supplement this response.

14.  State the name, address, telephone number and email address for each current and former Abira employee with knowledge of requisitions that were allegedly submitted on behalf of UPMC insureds for laboratory testing services that allegedly contained an assignment of benefits to Abira.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, and form objections.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, see response to Interrogatory No. 2 above.  See Bates stamped ABIRA000001 to ABIRA008314, including but not limited to requisitions, health 1500 forms, and other documents that contain the requested information above.  Plaintiff reserves the right to rely on any documents exchanged between the parties.  Plaintiff reserves the right to supplement this response.

15.   State the name, address, telephone number and email address for each natural person for whom Abira submitted a claim for payment to UPMC from 2016 through 2023.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusion and requests documents already in Defendants' control.
**RESPONSE**: Subject to, and without waiving, the foregoing objections, see Bates stamped ABIRA000001 to ABIRA008314, including but not limited to requisitions, health 1500 forms, and other documents that contain the requested information above. Plaintiff reserves the right to rely on any documents exchanged between the parties. Plaintiff reserves the right to supplement this response.

16.   Identify each natural persons associated with each claim number identified on Exhibit 1 that is attached to the Amended Complaint.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusion and requests documents already in Defendants' control.
**RESPONSE**: Subject to, and without waiving, the foregoing objections, see Bates stamped ABIRA000001 to ABIRA008314, including but not limited to requisitions, health 1500 forms, spreadsheets with names and other documents that contain the requested information above. Plaintiff reserves the right to rely on any documents exchanged between the parties. Plaintiff reserves the right to supplement this response.

17.   State the name, address, telephone number and email address for each natural person on whose behalf Abira received payment from UPMC and, with respect to each such natural person, state: (a) the date(s) Abira performed any laboratory testing services; (b) the specific laboratory testing services perform;

and (c) the date Abira tendered UPMC a claim for payment.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, unduly burdensome, repetitive, ambiguous, attorney client-privilege, work product, legal conclusion and requests documents already in Defendants' control.

**RESPONSE**: Subject to, and without waiving, the foregoing objections, see Bates stamped ABIRA000001 to ABIRA008314, including but not limited to requisitions, health 1500 forms, spreadsheets with payment information and other documents that contain the requested information above. Plaintiff reserves the right to rely on any documents exchanged between the parties. Plaintiff reserves the right to supplement this response.

18. For each claim number that is identified on Exhibit 1 that is attached to the Amended Complaint, state: (a) the name of each natural person associated with each claim number; (b) the date Abira originally learned that the claims for payment were denied; (c) the stated reason for the denials; (d) all natural persons having knowledge of the claims being denied; and (e) what steps, if any, Abira took to collect payment after it learned of the denials.

**OBJECTIONS**: Plaintiff objects to this Interrogatory under the overly broad, overly burdensome and ambiguous, subject to attorney-client privilege, legal conclusions and work product, requests information already and documents in Defendants' control. Fed. R.Civ. P. 26.

**RESPONSE**: Subject to, and without waiving the foregoing objections, see Plaintiff's bates stamped document production, ABIRA000001 to ABIRA008314, which includes documents setting forth the steps taken against the Defendants in an effort to collect funds for laboratory testing services performed in 2016 through 2023, including but not limited to test results, screenshots, Health insurance forms, appeal letters, change health exchange information and other documentation. See response No. 2 for the identification of person with knowledge, including but not limited to any person identified in the documents provided. Plaintiff reserve the right to rely on any document and information

12

exchanged during discovery. Plaintiff reserves the right to supplement this response.

I hereby certify that the foregoing Answers to Interrogatories are true.  I am aware that if any of the foregoing answers made by me are willfully false, I am subject to punishment.


**ABIRA MEDICAL LABORATORIES**


Dated: _____3/14-25_____          **BY:** _____
                                        **Abraham Miller**
                                        **Vice President for Research**
                                        **and Development**