**IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, | DOCKET NO. 2:24-CV-00227-CFK |
| Plaintiff | **PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND SET OF DOCUMENT DEMANDS** |
| vs. | |
| UPMC HEALTH PLAN INC. and UNIVERSITY OF PITTSBURGH MEDICAL CENTER, | |
| Defendant | |

**PLEASE TAKE NOTICE** that Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Abira" or "Plaintiff") furnish answers to Defendants, UPMC Health Plan Inc. and University of Pittsburgh Medical Center (collectively referred to as "Defendants")'s Second Set of Document Demands.

## I.  DISCLAIMER

The word usage and sentence structure contained in the discovery responses may be that of an attorney assisting in the preparation of the answers and, thus, does not necessarily purport to be precise language of the executing party.

## II.  RESERVATION OF RIGHTS

Plaintiff reserves the right to supplement and/or amend their responses at any time throughout the course of the discovery period should never information become known.

Plaintiff reserves the right to present any document exchanged throughout the course of discovery at the time of trial.

Plaintiff reserves the right to call any individual referenced in any of the documents exchanged throughout the course of discovery as a fact and/or rebuttal witness at time of trial.

## III. GENERAL OBJECTIONS

1.  Plaintiff objects to the interrogatories served by `Defendants to the extent that these requests seek information or documents that are protected from disclosure by privilege for attorney-client communications and for attorney work product. Inadvertent production of any such information or documents shall not constitute a waiver of any privilege or any ground for objections and discovery with respect to such information or documents, or any other information or documents, or with respect

to the subject matter thereof, or the information contained therein, nor shall such inadvertent production waive the right of Plaintiff to object to the use of any such information or document in any proceeding.

2.  Plaintiff objects to the interrogatories to the extent that they purport to seek information or documents that are materials prepared in anticipation of litigation or for trial, including mental impressions, conclusions or analysis of any attorney or other representative.

3.  Plaintiff objects to the interrogatories to the extent that they purport to demand a response that goes beyond Plaintiff's obligations pursuant to Federal Rules of Civil Procedure.

4.  Plaintiff objects to the interrogatories to the extent that they seek information or documents not in the possession, custody, or control of Plaintiff.

5.  Plaintiff objects to the interrogatories to the extent that they are overly broad, seek information or documents that are neither relevant to the subject matter involved in the instant action nor reasonably calculated to lead to the discovery of admissible evidence, or are oppressive or unduly burdensome.

6.  Plaintiff objects to the interrogatories as overly broad as no time period is provided for which Defendant seek expansive and detailed descriptions and identification of various facts.

7.    Plaintiff objects to the interrogatories to the extent that they seek information that is already in the public domain or possession of the propounding party or a third party and is readily available from a source other than Plaintiff in a more convenient, less burdensome, or less expensive manner.

8.    The foregoing general responses and objections are incorporated by reference as if set forth in response to each of the individual interrogatories. Any response to each interrogatory is made notwithstanding and without waiving these objections. Likewise, where a specific objection is made to any sub-part of any interrogatory, that objection also applies to every other sub-part of that interrogatory that cross-references, explicitly or implicitly, the objectionable sub-part.

1.     All documents and electronically stored information having any relationship to the law enforcement activity reported as having been carried out at Plaintiff's premises in January 2021 by the Federal Bureau of Investigation, Office of Inspector General for the U.S. Department of Health and Human Services ("HHS"), and the Pennsylvania Attorney General's Office, to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or defenses in this case.

> **OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
> **RESPONSE**: Subject to, and without waiving the foregoing objections, none.

2.     All documents and electronically stored information having any relationship to any other law enforcement or prosecution activity involving the Federal Bureau of Investigation, the U.S. Department of Justice, any U.S. Attorney's Office, the Inspector General for HHS, the Pennsylvania Attorney General's Office, any Pennsylvania District Attorney's Office, or any other federal, state, or local law enforcement or prosecuting authority, to the extent such documents and electronically stored information have

any relationship to the claims, counterclaims, or defenses in this case.

>    **OBJECTIONS**: Plaintiff objects to this Request under overly
>    broad, overly burdensome, repetitive, has no other purpose
>    than to harass, calls for public information, calls for
>    documents not relevant to this matter and/or otherwise calls
>    for factual and legal conclusions. Fed. R.Civ. P. 26.
>    **RESPONSE**: Subject to, and without waiving the foregoing
>    objections, none.

3.     All documents and electronically stored information having any relationship to the December 7, 2021, Center for Medicare & Medicaid Services ("CMS") revocation and suspension of Genesis Diagnostics' CLIA certificate and cancellation of approval to receive Medicare payments for its services, to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or defenses in this case.

>    **OBJECTIONS**: Plaintiff objects to this Request under overly
>    broad, overly burdensome, repetitive, has no other purpose
>    than to harass, calls for public information, calls for
>    documents not relevant to this matter and/or otherwise calls
>    for factual and legal conclusions. Fed. R.Civ. P. 26.
>    **RESPONSE**: Subject to, and without waiving the foregoing
>    objections, none.

4.     All documents and electronically stored information having any relationship to any other administrative agency activity involving CMS, HHS, or any other law federal, state, or local agency, to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or

defenses in this case.

> **OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
> **RESPONSE**: Subject to, and without waiving the foregoing objections, none.

5. All documents and electronically stored information having any relationship to Peter Katz, M.D., to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or defenses in this case.

> **OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
> **RESPONSE**: Subject to, and without waiving the foregoing objections, none.

6. All documents and electronically stored information having any relationship to Paul Donegan, M.D., to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or defenses in this case.

> **OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
> **RESPONSE**: Subject to, and without waiving the foregoing objections, none.

7. All documents and electronically stored information having any relationship to Michael Ligotti, M.D., to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or defenses in this case.

> **OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
> **RESPONSE**: Subject to, and without waiving the foregoing objections, none.

8. All documents and electronically stored information produced by Plaintiff in any criminal, civil, or administrative action or proceeding, to the extent such documents and electronically stored information have any relationship to the claims, counterclaims, or defenses in this case.

> **OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
> **RESPONSE**: Subject to, and without waiving the foregoing objections, none.

9. All deposition, trial, and other transcripts in any criminal, civil, or administrative action or proceeding to the extent they have any relationship to the claims, counterclaims, or defenses in this case or in any other similar action or proceeding.

**OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.
**RESPONSE**: Subject to, and without waiving the foregoing objections, none.

10. All court orders, opinions, or other decisions deciding or adjudicating any charge, claim, counterclaim, or defense in any criminal, civil, or administrative action or proceeding on any claims, counterclaims, or defenses in any action or proceeding having any similarity to this one.

**OBJECTIONS**: Plaintiff objects to this Request under overly broad, overly burdensome, repetitive, has no other purpose than to harass, calls for public information, calls for documents not relevant to this matter and/or otherwise calls for factual and legal conclusions. Fed. R.Civ. P. 26.

Dated: March 17, 2025     By:___/s/Afiyfa Ellington_____
                          Afiyfa H. Ellington, Esq.
                          **Abira Medical Laboratories, LLC**
                          **d/b/a Genesis Diagnostics**
                          957 Rte 33 **|** Suite 12 **|** #322
                          Hamilton Square, New Jersey 08690
                          Tel: (212)220-1616
                          aellington@genesisdx.com