

555 City Ave., Suite 1170
Bala Cynwyd, PA 19004

(215) 751-2864
karl.myers@stevenslee.com

March 20, 2025

**VIA EMAIL & FEDERAL EXPRESS**
Afiyfa H. Ellington, Esq.
Abira Medical Laboratories, LLC
d/b/a Genesis Diagnostics
957 Route 33, Suite 12, #322
Hamilton Square, NJ 08690

Re: *Abira Medical Laboratories LLC d/b/a Genesis Diagnostics v. UPMC Health Plan Inc., et al.*, No. 2:24-cv-00227-CFK – Discovery Deficiency Letter

Dear Ms. Ellington:

We received Plaintiff's Answers to Defendants' First Set of Interrogatories, Plaintiff's Responses to Defendants' First Set of Document Demands, and Plaintiff's Responses to Defendants' Second Set of Document Demands (collectively, "Plaintiff's Discovery Responses"), along with Plaintiff's document production bates-labeled ABIRA000001 to ABIRA008314 ("Plaintiff's Document Production").

Plaintiff's Discovery Responses are largely deficient, as detailed below. Defendants bring these deficiencies to Plaintiff's attention with the hope of resolving them without Court intervention. Please cure these deficiencies within the next 10 days by supplying amended responses that comply the Federal Rules of Civil Procedure and Judge Kenney's Policies and Procedures.

## Plaintiff's Lodging of General Objections

Plaintiff's Discovery Responses are preceded by eight "General Objections."[1] Judge Kenney's Policies and Procedures prohibit this practice. *See id*. at p. 15 (stating, "General objections are not acceptable."). Plaintiff's General Objections are also deficient because they render Plaintiff's Discovery Responses non-compliant with Fed.R.Civ.P. 34(b)(2), which

---

[1] We note that when responding to Defendants' requests for production of documents (sets I and II) (collectively, "Defendants' RPDs"), Plaintiff's responses included these eight General Objections. It appears that Plaintiff "cut and pasted" the General Objections contained within Plaintiff's Answers to Defendants' First Set of Interrogatories into Plaintiff's responses to Defendants' RPDs because each General Objection reads "Plaintiff objects to the interrogatories…." For purposes of this letter, Defendants treat Plaintiff's General Objections as having been asserted in response to Defendants' RPDs notwithstanding Plaintiff's typographical error.

Allentown • Bergen County • Bala Cynwyd • Fort Lauderdale • Harrisburg • Lancaster • New York
Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PROFESSIONAL CORPORATION

requires a responding party to "state whether any responsive materials are being withheld on the basis of that objection." Plaintiff's Discovery Responses make no reference to whether Plaintiff is withholding any responsive materials based on any General Objection. Since Judge Kenney prohibits parties from asserting general objections and because Plaintiff failed to state whether any responsive information is being withheld pursuant to Plaintiff's General Objections, we request that Plaintiff withdraw all General Objections.

### Global Deficiency Pertaining To All Individual Objections Contained In Plaintiff's Discovery Responses

Each individual objection that Plaintiff asserted in response to each written discovery request fails to comply with Fed.R.Civ.P. 34(b)(2)(C) because Plaintiff does not state in its responses whether any responsive information is being withheld based on the stated objection(s). For instance, we cannot tell whether Plaintiff is asserting no materials exist at all in response to Defendants' second RPDs or whether no documents exist except for those that are subject to objection(s). Defendants request that Plaintiff cure this global deficiency within the next ten (10) days so we may avoid raising this issue with Judge Kenney.

### Lodging of Boilerplate Objections – Plaintiff's Interrogatory Responses

Plaintiff's Interrogatory Responses are deficient because, in many instances, Plaintiff improperly asserted boilerplate, unexplained objections that clearly have no basis. For example, Interrogatory No. 2 requested Plaintiff to identify natural persons that have knowledge of any facts alleged in Plaintiff's Amended Complaint. In response, Plaintiff objected, including by asserting the attorney-client privilege and work-product doctrine. That privilege and doctrine are not applicable to a discovery request calling for the identification of a natural person. Plaintiff repeated these improper objections in response to Interrogatories 1-5, 8, 10, and 12-18. Please provide justifications for asserting these objections within the next 10 days. Alternatively, please withdraw these objections and supply supplemental responses.

Plaintiff also asserted the attorney-client privilege and work-product doctrine in response to Interrogatory Nos. 6 and 7 (asking Plaintiff to detail its internal polices and procedures regarding the steps it follows to collect funds incurred for services it renders). Plaintiff's policies and procedures, if any, are not protected by the attorney-client privilege nor the work-product doctrine. The policies and procedures, if any, are what they are. Interrogatory Nos. 6 and 7 merely ask Plaintiff to state what they are, provided any exist. Please withdraw these objections and supply supplemental responses within the next 10 days.

Plaintiff also objected to various discovery requests asserting that the interrogatory "was asked and answered in Plaintiff's initial disclosures." *See* Plaintiff's Answers to Defendants' First Set of Interrogatories at Nos. 2, 4, and 8. Plaintiff did not serve any initial disclosures in this matter. Accordingly, Plaintiff has no basis to assert this objection. Please withdraw this and supply supplemental responses within the next 10 days.

Interrogatory No. 4 requires Plaintiff, a limited liability company, to identify *natural persons* that have knowledge of the allegedly unpaid balances for which Plaintiff demands payments. Plaintiff objected to this question in part, because, according to it, "[t]his interrogatory ignores the fact that Plaintiff is a limited liability company and brings forth the Amended Complaint." This objection is nonsensical because Plaintiff's LLC status is irrelevant for the purposes of what is being asked. Plaintiff's LLC status bears no relation to whether Plaintiff can identify any *natural persons* that have knowledge of the allegedly unpaid balances. Please withdraw this and supply a supplemental response within the next 10 days.

In multiple instances, Plaintiff asserted "form objections" to Defendants' First Set of Interrogatories. *See* Plaintiff's Answers to Defendants' First Set of Interrogatories at Nos. 2, 4, 5, 8-11, and 14. Defendants have no idea what constitutes a "form objection." Accordingly, please explain your basis for asserting "form objections" within the next 10 days. Alternatively, please withdraw these objections and supply supplemental responses within the next 10 days.

Many times, Plaintiff asserted some iteration of objections premised on the discovery request as being "overly broad," "unduly burdensome," "ambiguous," and/or "repetitive." Plaintiff failed to provide any justification for these claimed objections. It appears to us that these were asserted in copy-and-paste fashion. None of subject discovery requests have these claimed issues, as we crafted them to be as clear as possible. Please explain these objections within the next 10 days. Alternatively, please withdraw these objections and supply supplemental responses within the next 10 days.

<u>Plaintiff's Document Dump Is Not Responsive To Defendants'<br>First Set of Interrogatories or Defendants' First Set of Requests for Production of Documents</u>

In response to many interrogatories, Plaintiff improperly refers Defendants to Plaintiff's entire document production that comprises 8,314 pages. *See* Plaintiff's Answers to Defendants' First Set of Interrogatories at Nos. 2, 3, 6, 7, 12-18. Plaintiff's interrogatory responses are deficient because Plaintiff fails to guide or direct Defendants to the location of any information contained within Plaintiff's document production that is potentially responsive to Defendants' Interrogatories

For example, Interrogatory No. 6 asked Plaintiff to detail Plaintiff's internal policies and procedures regarding the steps it followed to collect funds for services it rendered. In response, Plaintiff asserted multiple baseless objections and responded, in part, "see Plaintiff's bates stamped document production ABIRA000001 to ABIRA008314, which includes documents setting forth the steps taken against the Defendants in an effort to collect funds for laboratory testing services…." Plaintiff does not to any degree of specificity point Defendants to where within the 8,000+ pages of materials responsive information may be located.

Plaintiff's document dump does not comply with the Federal Rules of Civil Procedure and suggests to us a lack of good faith effort. Plaintiff's product runs contrary to Judge

Kenney's Policies and Procedures, which require parties to "conduct a reasonable search for requested documents." Put simply, a party does not comply with its discovery obligations by dumping 8,000+ pages of documents on an adversary without explaining where within the production responsive information may be located. Plaintiff has sent Defendants on a needle-in-the-haystack search.

The foregoing deficiency also applies to Plaintiff's responses to Defendants' First Set of Requests for Production of Documents. As with Plaintiff's interrogatory responses, Plaintiff fails to identify where within its document production potentially responsive information can be located. *See* Plaintiff's Responses to Defendants' First Set of Document Demands at Nos. 1-19, 21, 24, 27-42. Please cure the foregoing deficiencies within the next 10 days by supplying supplemental responses.

<u>Lodging of Boilerplate Objections – Plaintiff's Responses to
Defendants' Document Requests</u>

In each of Plaintiff's responses to Defendants' RPDs, Plaintiff asserted some iteration of objections premised on the discovery request as being "overly broad," "unduly burdensome," "ambiguous," "repetitive" and/or "call[ing] for factual and legal conclusions." Plaintiff failed to provide any justification for these claimed objections. Please do so within the next 10 days. Alternatively, please withdraw these seemingly baseless objections and supply supplemental responses.

                    Very truly yours,

                    STEVENS & LEE

                    Karl S. Myers

cc: Matthew C. Brunelli, Esquire (via email)