

957 Route 33 | Suite 12 | #322
Hamilton Square | New Jersey | 08690
Tel: 212.220.1616
Email:aellington@genesisdx.com

March 24, 2025

**VIA EMAIL** matthew.brunelli@stevenslee.com and Karl.Myers@stevenslee.com

Karl S. Myers, Esq.
Matthew Brunelli, Esq.
Stevens & Lee
555 City Avenue, Suite 1170
Bala Cynwyd, PA  19004

      Re:    Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics v. UPMC Health Plan Inc., et al., Case No. 2:24-cv-00227-CFK

Dear Counsel Brunelli and Myers:

As you know the undersigned represents Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Plaintiff") in the above-referenced matter.  This letter is in response to Defendants, UPMC Health Plan, Inc. and University of Pittsburgh Medical Center ("Defendants") March 20, 2025 correspondence and furtherance of the meet and confer held on March 20, 2025.

**Deficiency Letter:**  Plaintiff will respond under separate cover.

**UPMC's Document Production:**  Contrary to your contention, **for settlement purposes only,** Plaintiff agreed to only limit the scope of claims identified in Exhibit 1 of the September 23, 2024 Amended Complaint (ECF No. 20), i.e. claims from fall of 2019 to the present.  This is further evidenced by Defendants asserting a crossclaim against Plaintiff for a period in 2018.  Despite Defendants providing written responses to interrogatories and document demands on March 5, 2025, Defendants failed to provide a document production.  Defendants contended that Plaintiff can rely on explanation of benefits provided in connection with the informal document exchange for purposes of settlement, that production comprised of only five hundred (500) pdfs wholly deficient to the claims asserted in this matter  Nonetheless, Defendants have agreed to provide a rolling production commencing this week, with the production completed on or before April 11, 2025.  Plaintiff reserves all rights and objections.

**Genesis Witness Depositions**

As to the deposition of Gabriela Laven (sic),  she was an assistant to the Senior Account Manager from 2020 to the during the time period of the claims at issue in this matter.  She dealt with communications with clients regarding drop off/pickups of specimen, addressing customer service concerns regarding the specimen results portal, amending status of specimen to priority list and managing front desk workers.  She was not involved in the claim and/or billing processing



during the period involved in this matter. Please confirm Defendants' withdrawal of the notice of deposition of Ms. Laven. If Defendants still require an affidavit, please let me know.

As to Genesis 30(b)(6), Alan Miller and Abe Miller, will not be within the United States and unable to appear virtually or in-person for a deposition. They will be returning to the country after May 5, 2025 as previously indicated. Since their availability will be after the fact discovery deadline, Plaintiff will seek a necessary extension of the fact discovery period, noting Defendants' unwillingness to consent.

Plaintiff does not have control to produce Alan Ace and thus, Plaintiff withdraws the request to hold his deposition virtually. As reminded, Alan Ace is the Operations Manager of Genesis Healthcare Pvt. Ltd., which is a third-party vendor with Plaintiff, as previously indicated on correspondence to the court.

**Genesis Deponents**

As to George Deratany, Plaintiff continues its objection of Defendants' informal inquiry correspondence to Mr. Deratany. He was retained by Greenberg Traurig for litigation purposes and hence his information is not discoverable in this matter. Moreover, he does not have relevant facts concerning the time period and facts that are in dispute of this matter as he was engaged in March of 2021. **If Defendants do not refrain from communicating with Mr. Deratany, Plaintiff will seek a protective order. Please confirm upon receipt of this correspondence that Defendant will not engage in any communication with Mr. Deratany.**

As to Thomas Domenico, he signed a confidentially agreement and further information will be provided upon receipt. Please confirm that Defendants will not engage in informal communication with Domenico.

As to Elliott Vernon, Esq., not only does he have attorney-client privileged information, he also signed a confidentiality agreement. Plaintiff confirm that Defendants will not engage in informal communications with Vernon.

If Defendants do not cease informal communications with these individuals, Plaintiff will obtain the necessary protective order from the Court. Confidentiality provisions will be provided as requested.

**UPMC Witness Deposition**

As to Defendants' request for the withdrawal of the deposition notices of President and CEO Davis, Chairperson Surna, President and CEO Jenkins and Chief Leal Officer Kashuba, Plaintiff will not withdraw the depositions notices at this time. However, Plaintiff will mark these depositions as adjourned. At this juncture in this matter, Defendants have failed to provide


957 Route 33 | Suite 12 | #322  
Hamilton Square | New Jersey | 08690  
Tel: 212.220.1616  
Email:aellington@genesisdx.com

---

complete written document production in response to Plaintiff's written discovery demands. Moreover, Defendant has noticed the Chairman of Plaintiff, Abira Medical Laboratories, under the belief that he has relevant information and despite the fact that he was not involved in the billing processes. Plaintiff has noticed similarly situated individuals within the UPMC Health Plan, Inc. and University of Pittsburgh Medical Center and it has yet to be determined their full scope of knowledge regarding Defendants' processes and procedures regarding claims.

     Contingent on the timely production of responsive documents in response to Defendants' answers to notice to produce on or before April 11, 2025, the depositions of Defendants' 30(b)(6) representative, Heidi Beggan and Matt Moyer, will be held on April 22, May 1 and May 2 of 2025.

Very truly yours,

AFIYFA H. ELLINGTON