IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES LLC D/B/A GENESIS DIAGNOSTICS,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>UPMC HEALTH PLAN INC. and UNIVERSITY OF PITTSBURGH MEDICAL CENTER,<br><br>    *Defendants*. | No. 2:24-cv-00227-CFK |

## DEFENDANTS' MOTION FOR CONTEMPT AND SANCTIONS

Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center (collectively, "UPMC") move the Court for an order holding Plaintiff Abira Medical Laboratories LLC d/b/a Genesis Diagnostics in contempt and ordering sanctions against Plaintiff.

Once again Plaintiff is failing to comply with this Court's unambiguous order that outlines Plaintiff's clear discovery obligations. Plaintiff's prior repeated discovery violations recently culminated in this Court's April 23, 2025 Order. (Doc. 51.) As detailed below, Plaintiff has failed to comply with <u>nearly every</u>

aspect of that Order. Thus, UPMC respectfully asks the Court to find Plaintiff in contempt and impose sanctions against Plaintiff.[1]

UPMC brings this motion under this Court's Policies and Procedures for Counsel by filing a simple motion, without a brief. In support, UPMC states:

**A.   Plaintiff's failure to produce *any* witnesses for deposition as ordered.**

1. The Court has seen several of Plaintiff's repeated failures to comply with its discovery obligations and applicable law in UPMC's prior discovery motions. (Docs. 38, 39, 43.)

2. Recently, the Court granted UPMC's *Omnibus Motion to Compel Complete Discovery Responses and Deposition Appearances*. (Docs. 39 & 51.)

3. A copy of the Court's April 23, 2025 Order is attached as *Exhibit A*.

4. As relevant to this section, that Order compelled Plaintiff to "produce, in person, the following witnesses for deposition:

    a.    30(b)(6) Witness, between **May 7, 2025 and May 14, 2025**,

    b.    Alan Miller, between **May 7, 2025 and May 14, 2025**,

---

[1] This request is at least the second recent sanctions matter pending in this Court against this particular plaintiff. *See Judge Threatens Sanctions For Testing Lab's Continued Pursuit of Rejected Arguments*, THE LEGAL INTELLIGENCER, Apr. 25, 2025 (available at: https://www.law.com/thelegalintelligencer/2025/04/25/judge-threatens-sanctions-for-testing-labs-continued-pursuit-of-rejected-arguments-/).

  c. Abraham Miller, between **May 7, 2025 and May 14, 2025**,

  d. Gabriela Lavin-Mongillo, between **May 7, 2025 and May 15, 2025**."

(Doc. 51) (emphasis in original).

5. Despite the Court's order, Plaintiff has failed and refused to produce <u>any</u> of these witnesses for deposition during this time period.

6. The day the Court issued its order, UPMC timely served Plaintiff with revised deposition notices to schedule these depositions.  (*Exhibit B*.)

7. The notices scheduled the depositions as follows:

  a. 30(b)(6) Witness for May 7, 2025,

  b. Alan Miller for May 8, 2025,

  c. Abraham Miller for May 9, 2025,

  d. Gabriela Lavin-Mongillo for May 12, 2025.

8. Counsel for Plaintiff then wrote to UPMC to share, for the very first time, that "Abraham and Alan [Miller] will not be available until after May 17th for an in-person deposition." (*Exhibit C*.)

9. This contradicts representations Plaintiff made to both the Court and UPMC – in advance of the Court's May 7-14 scheduling – that the Millers were available after May 5, 2025.  (Doc. 47 at 8, 9, 16.)

- 3 -

10. Plaintiff asked if UPMC would agree to conduct the depositions after May 17th. (*Exhibit C*.)

11. In response, UPMC advised Plaintiff that, before UPMC could even consider Plaintiff's request, Plaintiff needed to confirm that it would (a) "correct its written discovery responses as the Court ordered and provide those corrected responses to us by May 1, 2025, as ordered;" (b) "produce all documents it must produce as a result of the Court's order by May 1, 2025, as ordered;" and (c) "produce Gabriela Lavin-Mongillo for an in-person deposition on May 12, 2025 in Bala Cynwyd, as ordered and noticed." (*Exhibit D*).

12. Plaintiff responded that it "intended" to comply with its court-ordered obligations to correct its written discovery responses and produce remaining documents. (*Exhibit E*).

13. As detailed below, Plaintiff did not live up to this "intention."

14. Plaintiff also reversed course from its prior request to schedule the depositions of Alan and Abraham Miller after May 17th.

15. This time, Plaintiff asserted, and again for the very first time, that it now plans to seek court intervention to block Gabriela Lavin-Mongillo's and Alan Miller's depositions because, according to Plaintiff, those depositions would be cumulative or duplicative of Abraham Miller's knowledge. (*Id.*)

16. To date, Plaintiff has failed to seek this claimed relief based on this brand-new contention.

17. Plaintiff also did not make this assertion or move for relief to prevent either deposition <u>before</u> this Court entered its April 23, 2025 Order.

18. Plaintiff is ignoring the Court's order and avoiding depositions in this case.

19. These events—in particular, Plaintiff's failure and refusal to produce <u>any</u> witness for deposition during the May 7-14 period—show Plaintiff is in contempt of the Court's April 23, 2025 order, has failed to comply with its discovery obligations, is engaging in delay tactics, and is failing to cooperate with both the Court and UPMC.

20. Plaintiff's refusal to produce these witnesses for deposition as ordered has hampered UPMC's defense, as those depositions are needed to obtain information that bears on Plaintiff's and UPMC's respective claims and defenses.

21. Plaintiff's conduct, described above (and below), shows it has plainly violated a clear Court order, and its violations have prejudiced UPMC.[2]

---

[2] The Court's April 23 Order also directed Plaintiff to supply contact information for another witness, Alan Ace. Plaintiff previously represented that he is an employee of Plaintiff, so UPMC served Plaintiff with a notice for his deposition. But later Plaintiff said Mr. Ace is not within Plaintiff's control and is employed by another entity. When Plaintiff finally supplied Mr. Ace's

22. A finding of contempt and imposition of sanctions are warranted here.

**B. Plaintiff's failure to serve corrected written discovery responses or *any* additional documents as ordered.**

23. Next, Plaintiff has failed to comply with the Court's order to "correct its written responses to Defendants' Interrogatories and Requests for Production of Documents (Sets 1 and 2) to resolve those deficiencies identified in Defendant's Motion." (Doc. 51 ¶9.)

24. This Court Ordered Plaintiff to supply those corrected responses (for both interrogatories and requests for production) and make its supplemental document production by May 1, 2025. (*Id.*)

25. On May 1, 2025, at 11:09 PM (*Exhibit F*), Plaintiff emailed its revised responses to UPMC's document requests (Sets 1 and 2). (*Exhibits G and H*, respectively).

26. To date, Plaintiff has failed to serve any corrected interrogatory responses. That, alone, shows Plaintiff is again in violation of the Court's order.

---

information on May 6, it gave only an address in India that does not seem to be a valid street address. Plaintiff offered neither a telephone number nor an email address for Mr. Ace.

27.  What is more, Plaintiff's revised responses to UPMC's First Set of Document Requests fail to correct or resolve all of the deficiencies identified in UPMC's *Omnibus Motion to Compel*.

28.  For example, UPMC raised that, "in response to many interrogatory and many document requests, Plaintiff improperly refer[ed] UPMC to Plaintiff's <u>entire</u> document production that comprises 8,314 pages." (Doc. 39) (emphasis in original).

29.  Plaintiff's "corrected" responses suffer from this very same flaw. (*Exhibit G* at Nos. 2, 7, 8, 9, 13-15, 18, 27.)  Plaintiff has not addressed this.

30.  In other instances, Plaintiff offers merely open-ended promises of future compliance.  It variously states that documents are "to be supplied after further review" or "[f]urther documents will be supplied after research," or "further information to be supplied," or "Plaintiff will supply after further research if any responsive documents are found." (*Exhibit G* at Nos. 16-17, 19, 21, 25 28-30, 32, 33, 35, 36, 38-41)

31.  These responses plainly violate this Court's order, which mandated that all discovery deficiencies and gaps in document production be resolved no later than May 1, 2025.  (Doc. 51.)

32. Plaintiff's supplemental responses to UPMC's Second Set of document requests also do not comply with the April 23, 2025 Order.

33. Here, again, Plaintiff responds that documents are "to be supplied," or "will be supplied," or that "[p]laintiff will supplement this response with any additional responsive documents, if any." (*Exhibit H* at Nos. 1, 3, 5-7)

34. Again, the deadline for Plaintiff to correct its discovery responses and produce all remaining documents was May 1, 2025. (Doc. 51)

35. Plaintiff has failed to follow the Order.

36. Since the Court's Order of April 23, 2025, Plaintiff has produced <u>zero</u> additional documents.

37. Since the Court's Order of April 23, 2025, Plaintiff has produced <u>zero</u> corrected interrogatory responses.

38. Moreover, as shown above, the "corrected" discovery responses Plaintiff did serve do not truly correct deficiencies UPMC previously identified in its motion. (Doc. 39.)

**C.   <u>Contempt and sanctions are now warranted.</u>**

39. Plaintiff has failed to comply with this Court's April 23, 2025 Order by:

    a. failing and refusing to produce <u>any</u> witnesses for deposition during the ordered May 7-14 window;

    b. failing to produce <u>any</u> additional documents by the May 1 deadline;

    c. failing to provide <u>any</u> corrected interrogatory responses by the May 1 deadline; and

    d. failing to correct deficiencies in Plaintiff's "corrected" responses to UPMC's document requests by the May 1 deadline.

40.     Plaintiff's actions and failures to act show that Plaintiff should be held in contempt of the Court's order and that sanctions should be entered against it. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984) (district court did not abuse its discretion by imposing sanctions); *Moore v. Doe*, 2023 WL 125010, *3 (EDPA Jan. 5, 2023) (sanctioning party for failing to comply with court order).

41.     Sanctions are warranted because Plaintiff's conduct has caused unnecessary delays, unnecessary motions practice, increased costs, and prejudice to UPMC.

42.     To begin, UPMC requests an order directing Plaintiff's immediate compliance with the April 23, 2025 Order.

43. Further sanctions are warranted, given the severe degree of Plaintiff's noncompliance.

44. Under Federal Rule of Civil Procedure 37(b)(2), the Court has a number of sanctions choices available to it.

45. UPMC asks this Court to enter an order imposing one or more of the following sanctions against Plaintiff:

- directing that UPMC's counterclaim and/or defenses be taken as established for purposes of the action;

- prohibiting Plaintiff from supporting or opposing its claims and/or defenses, and/or from introducing evidence to support its claims and/or defenses; and/or

- rendering a default judgment against Plaintiff.

Fed.R.Civ.P. 37(b)(2)(A).

46. In addition, UPMC seeks an award of expenses under Rule 37(b)(2)(C), which provides: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

47. Lastly, UPMC seeks an order precluding Plaintiff from taking any further discovery from UPMC.

48. This relief would be consistent with the Court's observation in its April 23 Order that "Plaintiff is reminded that it has the burden of producing its business records, exhibits, and testimony that support its claims, and that discovery is not intended to be an audit of defense documents paid for by the defense." (Doc. 51.)

49. The above paragraphs, along with each of UPMC's prior filings (Docs. 38, 39, 43), demonstrate that UPMC has in good faith conferred or attempted to confer with Plaintiff in an effort to resolve the dispute here without court action.

For these reasons, UPMC requests that this Court grant this motion for contempt and sanctions and enter an order as requested herein in the attached form.

Respectfully submitted,

/s/ Matthew C. Brunelli
Karl S. Myers (Pa. No. 90307)
Matthew C. Brunelli (Pa. No. 93498)
STEVENS & LEE
1500 Market Street
East Tower, 18th Floor
Philadelphia, PA 19102
(215) 751-2864
karl.myers@stevenslee.com

                      (215) 751-1955
                      matthew.brunelli@stevenslee.com

                      Counsel for Defendants,
                      UPMC Health Plan Inc. and
                      University Of Pittsburgh Medical Center

Date: May 9, 2025