**IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff<br><br>vs.<br><br>UPMC HEALTH PLAN INC. and UNIVERSITY OF PITTSBURGH MEDICAL CENTER, AND THEIR AFFILIATES; ABC COMPANIES 1-100, AND JOHN DOES 1-100,<br><br>Defendant | DOCKET NO. 2:24-CV-00227-CFK |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CONTEMPT AND SANCTIONS**

Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Plaintiff" or "Genesis") submits this pleading in opposition to Defendants, UPMC Health Plan, Inc. and University of Pittsburgh Medical Center (collectively "Defendants" or "UPMC")'s Motion for contempt and sanctions:

### A. *Background*

1. Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics is a New Jersey limited liability company conducting medical laboratory testing. (ECF Dkt. 20, ¶5).

2. Abira obtained a medical laboratory testing license issued by the Commonwealth of Pennsylvania, with its laboratory being located at Langhorne, Pennsylvania. (Id.).

3. When fully operational, Plaintiff had approximately 150 employees, including but not necessarily limited to physicians, scientist, technicians, administrative personnel and sales representatives. (ECF Dkt. 1, ¶18).

4. Defendants UPMC provide health insurance services. (ECF Dkt. 20, ¶¶6 & 7).

5. Plaintiff performed clinical laboratory, pharmacy, toxicology, genetics, addiction, rehabilitation and COVID-19 testing services on specimens submitted by medical service providers on behalf of Defendant's subscribers/members, for patients located throughout the United States. (ECF Dkt. 20, ¶8).

6. The insurance contracts between Defendant and the insureds include benefit clauses or provisions, which require Defendant to pay for laboratory testing of the insureds'/claimants' specimen. (ECF Dkt. 20, ¶14).

7. The insured/claimants designated Genesis as the assignee of the insurance contracts by executing necessary requisitions and

authorizations and/or providing insurance information to Genesis. (ECF Dkt. 20, ¶¶9-11, 14-19, Exhibit 1[1]).

8.  The requisitions for laboratory testing services submitted on behalf of the insureds contained assignments of benefits and attorney-in-fact designations, which transferred to Genesis the member/insureds' right to payment and right to sue for payment. (Id.).

9.  As is relevant here, thousands of orders for medical laboratory testing services were submitted to Abira. Abira, in turn, performed the laboratory work, with dates of service ranging from 2015 through 2021. (ECF DKt. 20, Exabit 1).

10. After services were provided to members/insureds, claims were submitted to Defendants for payment. (ECF Dkt. 20, ¶¶2, 10). Though claims were duly submitted, Defendant has refused to pay and/or underpaid claims properly submitted or failed to otherwise respond to claims properly submitted by Genesis. (ECF Dkt. 20, ¶3, 12-13). Genesis has suffered damages in an amount in excess of $900,000 exclusive of costs and interest. (Complaint, ¶1).

11. Defendants have a long history of failing to pay for medical bills rendered, failure to pay adequate wages and

---

[1] Plaintiff has redacted the names of the patients in order to ensure that personal health information is not released pursuant to the Health Portability and Accountability Act of 1996 (HIPAA).

3

conducting Medicare fraud in order to line the institutions and officers' coffers.[2]

B. **Complaint**

12. On January 18, 2024, Plaintiff filed a Complaint against Defendants before this Court. (ECF Dkt. 1). Defendants' answers were originally due on April 15, 2024. (ECF Dkt. 6). Thereafter the parties participated in informal resolution discussions, while formal discovery was stayed. In August 2024, the court held a case management conference wherein Plaintiff was granted permission to file an Amended Complaint. (ECF Dkt. 14-18).

13. On September 23, 2024, Plaintiff filed an Amended Complaint. (ECF Dkt. 20). The Amended Complaint contains two counts against Defendants: (Count 1) Breach of contract and (Count 2) Quantum Meruit/Unjust Enrichment. Plaintiff seeks damages in excess of $900,000, plus consequential, incidental, punitive and/or exemplary damages, attorney's fees, costs of court and out-of-pocket expenses, pre- and post-judgment interest and such other relief as the court deems just and equitable. (Amended Complaint).

---

[2] See, Galloway v. Children's Hosp. of Pittsburgh of Upmc, 2017 Pa. Dist. & Cnty. Dec. LEXIS 2388 (Pa.C.P. Apr. 17, 2017); Vento v. Martinez, 2015 Pa. Dist. & bCntry. Dec. LEXIS 16398 (Pa. C.P. July 13, 2015); Luft v. UPMC, 2016 PA. Dist. & Cnty. Dec. LEXIS 17583 (Pa. C.P. Sept. 6, 2016); O'Tolloe v. UPMC Health Sys, 2015 Pa. Dist. & Cnty Dec. LEIS 23151 (Pa. C.P. June 17, 2015). See also https://www.fiercehealthcare.com/providers/upmc-pays-38m-settle-12-year-old-whistleblower-case; District of Colorado | Seven People Charged With Over $40 Million In Medicare And Medicaid Fraud | United States Department of Justice

14. On October 14, 2024, Defendants filed an Answer with Counterclaim against Plaintiff essentially denying the relief sought therein. (ECF Dkt. 27).

15. On October 29, 2024, Plaintiff filed an answer to Defendant's Counterclaim denying the relief sought therein. (ECF Dkt. 29).

C. <u>**Court April 23, 2025 Order**</u>

15. On April 23, 2025 Order (Doc. 51) the court ordered Plaintiff to revise the Interrogatories, Notice to Produce and Second Notice to Produce and produce representatives for Plaintiff for deposition.

16. Defendants now files this motion for contempt and impose sanctions.[3] This court should deny Defendant's motion in its entirety.

D. **Plaintiff Meet and Conferred, and Cooperating with Regard to the Production of Witnesses and in lieu of confirmation Defendants determined to file this motion.**

17. The April 23, 2025 Order ordered Plaintiff to produce 30(b)(6) witness, Alan Miller, Abraham Miller and Gabriela Lavin between May 7, 2025 through May 14, 2025 or May 15, 2025.

---

[3] Defendants cite to an article concerning the opinion contained in Abira Med. Labs., LLC v. CareFirst of Md. Inc., No. 24-0917, 2025 U.S. Dist. LEXIS 76919 (E.D. Pa. Apr. 23, 2025) in order to provide a red hearing and contention that Plaintiff is sanctioned by the court. However, review of the opinion will state that the suggested sanction hearing concerns the issue of personal jurisdiction which is not at issue in this case.

18. Defendants unilaterally prepared revised notices of depositions and issued to the Defendants.

19. Ms. Lavin' deposition was scheduled for May 12, 2025. Plaintiff indicated that Ms. Lavin was available on May 12, 2025 and can be produced. However suggested due to her administrative role and duplicative knowledge that her deposition be scheduled after the deposition of Abraham Miller. See Cert. Gabriella. See Exhibit E.

20. Instead of proceeding with her deposition, Defendants have created a narrative that Ms. Lavin is no cooperating which is not true, threatened to move to sanctions and has done so with this motion. Defendants filed this motion the day prior Lavin's scheduled deposition. See Exhibit I attached hereto.

21. With regard to Abraham Miller, who is also the designed corporate representative, Plaintiff immediately advise of his inability to attend the deposition between May 7, 2025 and May 14, 2025 and attempted to meet and confer on the rescheduling of his deposition. Abraham Miller has been out of the country since March 21, 2025 and scheduled to return on May 27, 2025. See Cert. of Abraham Miller, Exhibits D, E and I.

22. At first Defendants seemed to cooperate, and agreed to hold his deposition on June 3, 2025. However, when Plaintiff offered Mr. Miller on the very next date of June 4, 2025. Defendant unilaterally concluded that Plaintiff was playing games because it

was upset that Mr. Miller is in fact the witness with the most knowledge concerning the issues in connection with this matter and threatened to file this motion. See Exhibit I.

23. Mr. Miller is not available on June 3, 2025 as he is an Orthodox Jew and has a religious holiday on such date. See Abraham Miller Certification.

24. Finally, Mr. Alan Miller has also been out of the country since March 21, 2025, returning on May 27, 2025. Plaintiff advise of Alan Miller's inability during May 7, 2025 and May 14, 2025. After the meet and confer, Defendants suggested June 5th for Mr. Miller's deposition, which Plaintiff agreed to produce, however in all candid advised that Mr. Miller's knowledge was duplicative of Abraham Miller and that he would be seeking a protective order in connection with his deposition. Defendants have threatened to hold both witness for the maximum allotted time. See Cert. Alan Miller, Exhibits D, E and I.

25. Plaintiff has shown a good faith attempt to cooperate with the Defendants concerning the production of the witnesses as ordered by the court.

26. Defendant has not made a showing that Plaintiff failed or refused to produce its witnesses, in fact the record reflects otherwise. Moreover, there is no showing of a delay to produce its witnesses.

27. Furthermore, it is important to note that Defendant has unilaterally cancelled the appearance of its own witness for noticed depositions, under the misguided allegation that it can withhold depositions under some ill perceived notion of uncooperating. This court should deny defendant's motion in its entirety.[4]

B. **Plaintiff has produced responses to Written Discovery Demands as contained in the April 23, 2025 Order.**

28. On May 1, 2025, Plaintiff supplied responses to the First and Second Notice to Produce. See Exhibits

29. Plaintiff omitted all of the General and Specific Objections mentioned in Paragraphs 1 through 7 from those documents and within the Defendants' Motion. See Exhibits F, G and H.

30. On May 2, 2025, Plaintiff advised the Defendant that they required additional time to respond to the Interrogatories. See Exhibit J.

31. On May 16, 2025, Plaintiff produced the Interrogatories.[5] The delay in production was a result of the Plaintiff conducting a good faith effort to supply additional documents and information. See Exhibit K.

---

[4] Responding to Alan Ace, Plaintiff provided the contact information for Mr. Ace as ordered by the court. Defendant again makes unsupported allegations that an address is nonexistent in India. Nor has Defendants made any effort since the production of Mr. Ace's address to request any further information from Plaintiff.
[5] The undersigned received the May 8, 2025 executed Interrogatories and emailed to the undersigned that evening. The undersigned received the notice of May 9, 2025.

8

32. With regard to Plaintiff's corrected responses to the\
First Set of Interrogatories, the response matches the questions, as follows:

    a. Plaintiff refers to the entire production for Exhibit G, Nos. 2, 7, 8 & 9 based on request:

2.   **All** documents and electronically stored information showing **Abira's attempts to collect payment from UPMC** for services provided to UPMC insureds.
7.   **All** documents and electronically stored information in each of **Abira's files for each of the claims** identified on Exhibit 1 that is attached to the Amended Complaint.
8.   **All** other documents and electronically stored information for **each claim identified** on Exhibit 1 that is attached to the Amended Complaint.
9.   **All** documents and electronically stored information showing **Abira's claimed right to seek payment from UPMC.**
[Emphasis added}

b. Plaintiff refers to a larger portion of the production as it includes claim specific information including but not limited to requisitions, medical records, lab results, change health information, health 1500 forms, appeals, raw data spreadsheet and paid spreadsheet in response to Exhibit G at Nos. 13-15 and 18, 27 based on the requests:

13.   For each claimed payment, all documents and electronically stored information showing each instance when **Abira pursued payment** from UPMC.
14.   For each claimed payment, all documents and electronically stored information **Abira sent to UPMC** in support of Abira's claim for payment.
15.   For each claimed payment, all documents and electronically stored information showing **Abira's claimed right to demand and collect payment under a UPMC health insurance plan.**
18.   **All** documents and electronically stored information showing all payment demands Abira submitted to UPMC from **2016 through 2023, including but not limited to documents that: (a) identify the natural person on whose behalf the payment demand was made; (b) itemize the amount Abira charged for the laboratory testing service(s) rendered to each UPMC insured; (c) the laboratory testing service(s) date(s), and (d) the**

9

**date the payment demands were submitted.**
27.   All documents and electronically stored information showing **Abira's internal procedures for requesting payment** from health insurers for laboratory testing services it renders to insureds.[Emphasis added]

33.   Plaintiff produced these documents as stored in its business records.

34.   With regard to some of the demands, concerning policies and procedures, training materials, etc. Plaintiff offered to search its records for that information and produce as soon as available.  As Defendants are aware, Plaintiffs have not operated the laboratory since 2021 and thus, has not make a good faith effort to obtain those records.  Plaintiffs has conducted thousands upon thousands of test and has a large volume of records and required additional time to obtain those records.

35.   Plaintiff has made a good faith efforts to comply.

**C.  Defendant's demand for contempt and sanctions should be denied in its entirety.**

36.   Civil contempt is "remedial, and for the benefit of the complainant." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994). Civil contempt sanctions are calculated "to coerce the [party]into compliance with the court's order and to compensate for losses sustained by the disobedience." Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994). The elements necessary for a finding of civil contempt are well established. A court must find "that (1)

10

a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." <u>John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit</u>, 318 F.3d 545, 552 (3d Cir. 2003). These elements "must be proven by 'clear and convincing evidence,' and ambiguities must be resolved in favor of the party charged with contempt." <u>Id.</u>

<u>37.</u>    Sanctions are not appropriate, however, if "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action," "the opposing party's nondisclosure . . . was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Based on the above, Plaintiff has shown Defendants' failure to attempt in good faith to resolve the motion, the Plaintiffs attempt to comply with the order and other mean.  Defendant's attempt to have its counterclaim converted into a judgment is an improper sanction and unwarranted.

**WHEREFORE**, for all the foregoing reasons, Plaintiff requests that Defendants' motion be denied in its entirety.

                                                      Respectfully submitted,

Dated: May 16, 2025      /s/ Afiyfa H. Ellington

                                    Afiyfa H. Ellington, Esq.
                                    Attorney for Plaintiff

**CERTIFICATION UNDER LOCAL RULE 26.1**

The undersigned, counsel for the plaintiff, hereby certifies that he has in good faith conferred with counsel for defendant, in writing.

/s/ Afiyfa H. Ellington<br>Afiyfa H. Ellington, Esq.,

DATED: May 16, 2025

**CERTIFICATION OF SERVICE**

I hereby certify that on May 16, 2025, the Plaintiff's opposition, certifications, etc. were e-filed with the Clerk of the Court by using CM/ECF System, which effectuated service upon counsel of record.

/s/ Afiyfa H. Ellington
Afiyfa H. Ellington, Esq.

DATED: May 16, 2025