IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, *Plaintiff,* | : : : : | CIVIL ACTION |
| v. | : : | |
| UPMC HEALTH PLAN INC., et al., *Defendants.* | : : | No. 24-cv-0227 |

MEMORANDUM

**KENNEY, J.**                                                                                        June 4, 2025

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Defendants UPMC Health Plan Inc. and University of Pittsburgh Medical Center move for an order issuing sanctions against, and holding in contempt, Plaintiff Abira Medical Laboratories. ECF No. 55 at 1. For the reasons set forth below, this Court will **GRANT** in part and **DENY** in part Defendants' Motion for Contempt and Sanctions (ECF No. 55). The Motion is granted insofar as Defendants seek reasonable expenses, including attorney's fees, for the preparation of the Motion for Contempt and Sanctions and in connection with preparing for the May 28, 2025 argument on the Motion. If Plaintiff continues not to cooperate with the discovery process, further sanctions may be warranted.

**I.**     **DISCUSSION**

Defendants move for sanctions and entry of a contempt order pursuant to Federal Rule of Civil Procedure 37(b). *See* ECF No. 55 at 10. Under Rule 37(b), if a party fails to comply with a discovery order, a district court "may issue" sanctions, including "treating as contempt of court the failure to obey [the] order" or "rendering a default judgment against the disobedient party." *See* Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to" other potential sanctions, the district

court "must order" payment of "reasonable expenses, including attorney's fees, caused by the failure" to comply with the discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(C).  The decision of whether to impose sanctions and what sanctions to impose is "generally entrusted to the discretion of the district court."  *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007).  In deciding whether to impose a sanctions award against a party under Rule 37, the district court must consider whether the party's conduct was "substantially justified."  *See Deville v. Givaudan Fragrances Corp.*, 419 F. App'x 201, 208 (3d Cir. 2011); *see also* Fed. R. Civ. P. 37(b)(2)(C).  The district court must also consider any other circumstances that "make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

In this case, Defendants argue that Plaintiff violated this Court's April 23, 2025 Order.  *See* ECF No. 55 at 1–2.  That Order required Plaintiff to, among other things, (1) correct deficiencies in its written responses to Defendants' first and second sets of interrogatories and requests for production by May 1, 2025 and (2) produce four individuals for deposition between May 7, 2025 and May 14, 2025.  *See* ECF No. 51 at 2.

Plaintiff failed to correct its written responses.  It did not submit any corrected responses to Defendants' interrogatories by May 1.[1]  *See* ECF No. 55 at 6; ECF No. 58-3 at 1.  And with respect to Defendants' first and second set of requests for production, Plaintiff numerous times "corrected" its responses by stating that it would provide additional documents "after further review" or "after research," *see* ECF No. 55-10 at 6–7, 10–11, 12, 14; or that such documents would "be supplied" at some later point in time.  *See* ECF No. 55-11 at 3, 5–6.  Such statements, which only put off a response to Defendants' discovery requests, are plainly inadequate.  *See*

---

[1] Plaintiff submitted its corrected responses to the interrogatories fifteen days late, on May 16, 2025.  *See* ECF No. 58-3 at 1.

2

*Vallejo v. Santini-Padilla*, 607 F.3d 1, 4 (1st Cir. 2010) (district court did not abuse its discretion in granting sanctions where party repeatedly missed deadlines, including where initial disclosures stated that documents were "to be supplied" at an unspecified later point in time).

Plaintiff's failure to correct its responses was not "substantially justified." *See Deville*, 419 F. App'x at 208. Plaintiff argues that its laboratory closed in 2021 and there is a large volume of records to review because the laboratory processed "thousands of orders for medical laboratory testing."[2] *See* ECF No. 58 at 3, 10. However, even if that is the case, Plaintiff has repeatedly missed deadlines to exchange discovery and failed to adequately communicate with Defendants about these delays. For example, Plaintiff missed the original deadline, March 7, 2025, to respond to Defendants' first set of interrogatories and requests for production. *See* ECF No. 39-7 at 1. Over the subsequent two weeks, Defendants contacted Plaintiff multiple times, until they finally received responses on March 17. *See* ECF No. 39-8 at 1; ECF No. 39-9 at 1. Likewise, Plaintiff failed to respond to Defendants' deficiency letter and their subsequent request to meet and confer about the deficiencies. *See* ECF No. 39-15 at 1; *see also* ECF No. 39-16 at 1. It was only over a month later that Plaintiff sought an extension of time for discovery. *See* ECF No. 44 at 1. Afterward, Plaintiff missed the May 1 deadline to correct its interrogatory responses. *See* ECF No. 55 at 6; ECF No. 58-3 at 1.

The mere fact that Plaintiff conducted thousands of tests at its now-closed laboratory therefore does not justify its inadequate and untimely "corrected" discovery. That is particularly the case here where the focus of Plaintiff's lawsuit, which it filed in January 2024, is the medical testing services it performed at its laboratory for Defendants. *See* ECF No. 1 at 5–6, 12–19. It

---

[2] At the May 28, 2025 hearing, Plaintiff clarified that the laboratory's records are archived in a storage unit in New Jersey.

should hardly be surprising to Plaintiff that it would have to produce documents concerning the laboratory. What makes Plaintiff's responses that some of its discovery would "be supplied" at some later point or "after further review" all the more bewildering is that at the May 28, 2025 hearing, Plaintiff represented that it had provided all documents in its possession to Defendants. It is befuddling that Plaintiff would not simply say so in its discovery responses. Had Plaintiff done so, it may have been unnecessary for the Court to dedicate two hours to hearing Defendants' Motion for Contempt and Sanctions. Because Plaintiff's inadequate discovery responses are not substantially justified, and because Plaintiff points to no other factors that would make sanctions "unjust," sanctions in the form of attorney's fees for the time Defendants took to prepare and argue the Motion for Contempt and Sanctions are proper. *See* Fed. R. Civ. P. 37(b)(2)(C); *see* ECF No. 55 at 10 (requesting attorney's fees under Rule 37(b)(2)(C)).

At this juncture, the Court does not find that more extreme sanctions are warranted. For example, Defendants ask this Court to enter default judgment against Plaintiff. *See* ECF No. 55 at 10. However, a default judgment is a sanction of "last, not first, resort." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citation omitted). Though Plaintiff has had a track record of delays, the Court finds at this stage that the alternative sanction of attorney's fees suffices. *See id.* (discussing six factors, including a "history of dilatoriness," and the effectiveness of other sanctions, that courts must consider before dismissing a case or entering default judgment). Plaintiff's conduct during discovery—though at times disorganized—does not appear from the record as it now stands to be in bad faith. *See id.* (courts must also consider whether conduct "was willful or in bad faith"). Furthermore, discovery began only in February 2025, and Defendants do not point to prejudice that they have suffered in this four-month window that would warrant a more extreme sanction or argue in their Motion for Contempt and Sanctions that

Plaintiff's claims lack merit. *See id.* (courts must consider "prejudice" to opposing party and whether claims have merit before granting sanction of dismissal or default judgment).

Defendants also point out that Plaintiff failed to produce four witnesses for deposition between May 7, 2025 and May 14, 2025, in violation of this Court's April 23, 2025 Order granting Defendants' Motion to Compel (ECF No. 39). *See* ECF No. 51 at 2. Indeed, the Court spent a significant amount of time analyzing the briefs and exhibits related to the Motion to Compel and provided the May 7–14, 2025 timeframe because Plaintiff represented that its witnesses were traveling and would be back in the United States after May 5, 2025. *See* ECF No. 47 at 8. Plaintiff's witnesses then disregarded that timeframe for their own business reasons, *see* ECF No. 57-1 at 2, without notifying the Court until Defendants moved for sanctions. Nonetheless, at the May 28, 2025 hearing regarding Defendants' Motion, the parties agreed to deposition dates for these witnesses. Given that the parties resolved the issue of depositions at the hearing, and in light of the Court's above analysis, the Court does not in its discretion find further sanctions warranted at this stage. However, if Plaintiff continues to violate this Court's orders, and fails to cooperate moving forward in discovery, further sanctions may be justified.

## II.   CONCLUSION

For the reasons discussed above, the Motion for Contempt and Sanctions (ECF No. 55) is **GRANTED** in part and **DENIED** in part. The Motion is granted insofar as Defendants seek reasonable expenses, including attorney's fees, for the preparation of the Motion for Contempt and Sanctions and in connection with preparing for the May 28, 2025 argument on the Motion. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**