IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABIRA MEDICAL LABORATORIES,** | : | |
| **LLC d/b/a GENESIS DIAGNOSTICS,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UPMC HEALTH PLAN INC., et al.,** | : | **No. 24-cv-0227** |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                                      **June 25, 2025**

      The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Plaintiff moves to extend the deadline for expert discovery, ECF No. 64 at 1, which elapsed on June 16, 2025, ECF No. 36 at 2. For the reasons set forth below, this Court will **DENY** the Motion (ECF No. 64).

      When a party moves to extend or reopen discovery, the court may may do so "for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1). Good cause requires "a showing that the movant diligently sought the discovery" and "an explanation of why more time is needed." *See Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221 & n.5 (3d Cir. 2014); *cf. also Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 356 (3d Cir. 2011) (good cause for an extension of time to appeal turns on whether factors outside the movant's control delayed the appeal).

      Plaintiff lacks good cause for an extension of the expert discovery deadline because it has failed to show that it worked diligently toward retaining an expert. Plaintiff alleges that it "has been diligent," and that there have "been some challenges with finding an expert," ECF No. 64 at 8, 10, but these allegations are conclusory and do not suffice. *See Shields v. Sinclair Media III Inc.*, No. 21-3954, 2022 WL 19826867, at *2 (6th Cir. Nov. 1, 2022) (the plaintiff's "conclusory assertions" did not establish that an extension of discovery deadlines was warranted). Plaintiff also

represents that it "has had conferences with a company" to assist with retaining an expert. ECF No. 64 at 10. However, this single vague allegation is insufficient to establish diligence, given that Plaintiff has had six months from the issuance of a scheduling order and nearly a year and a half from when it initiated this suit to develop its approach to expert witnesses and retain an expert. Indeed, in April 2025, this Court asked Plaintiff "to identify a specific expert relevant to the business records issues in this case." ECF No. 53 at 1. To date, Plaintiff has not done so.

Plaintiff also fails to demonstrate "why more time is needed." *Walker*, 558 F. App'x at 221. It argues only that it requires an expert to testify to the billing and coding procedures used in this case, the claims submitted, and the "charges set forth." ECF No. 64 at 8. Even assuming such testimony is necessary for this breach-of-contract case, Plaintiff may rely on fact witnesses to testify to billing and coding procedures and submission of claims. *See F.D.S. Marine v. Brix Mar. Co.*, 211 F.R.D. 396, 401 (D. Or. 2001) (concluding that an individual who planned to testify about whether "billing was reasonable based upon her personal knowledge" was a fact witness); *Allstate Ins. Co. v. Performance Orthopedics of Mich. PLLC*, No. 20-CV-12008, 2023 WL 6205425, at *5 (E.D. Mich. Sept. 21, 2023) (stating that a physician's application of medical billing codes "may more appropriately be treated as the opinion of a lay witness"). By contrast, if this Court were to reopen the expert discovery deadline, it would be required to move the summary judgment and trial deadlines, and further extensions for expert discovery would almost certainly be required to afford time to prepare expert and rebuttal reports and allow Defendants to take any expert depositions.

Accordingly, the Motion (ECF No. 64) is denied. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**

Case 2:24-cv-00227-CFK    Document 66    Filed 06/25/25    Page 3 of 3