IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, *Plaintiff,* | : : : : : : : : | CIVIL ACTION |
| v. | | |
| UPMC HEALTH PLAN INC., et al., *Defendants.* | | No. 24-cv-0227 |

MEMORANDUM

**KENNEY, J.**                                                                                           July 28, 2025

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Previously, Defendants moved for contempt and sanctions based on Plaintiff's failure to comply with a discovery order. *See* ECF No. 55 at 1. This Court granted the Motion for Contempt and Sanctions in part, concluding that a sanction of reasonable expenses, including attorney's fees, for the time Defendants spent preparing the Motion for Contempt and Sanctions and for oral argument on the Motion was appropriate. *See* ECF No. 61 at 1; *see also* ECF No. 60 at 1–5. In connection with that Order, Defendants now seek $19,169.60 in attorney's fees. *See* ECF No. 62 at 5. For the reasons set forth below, this Court will award $16,276.80 in attorney's fees.

**I.     DISCUSSION**

When awarding attorney's fees, the court must first calculate "the lodestar" by "multiplying the reasonable hours worked by a reasonable hourly rate." *Augustyn v. Wall Twp. Bd. of Educ.*, 139 F.4th 252, 259 (3d Cir. 2025); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015) (applying lodestar method to calculate attorney's fees awarded as sanctions). After calculating the lodestar, the court "may deviate from it, but only in the 'rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Augustyn*, 139 F.4th at 260 (citation omitted).

1

**A. Calculating the Reasonable Hourly Rate**

Mr. Myers, one of Defendants' attorneys, reported that he and Mr. Brunelli billed at a rate of $712.00 per hour and $632.00 per hour respectively for this matter. ECF No. 62 at 2. Mr. Myers is a shareholder and Mr. Brunelli is an associate at Stevens & Lee. *See Professionals*, Stevens & Lee, https://www.stevenslee.com/professionals/ [https://perma.cc/DX3U-JGT6] (last visited July 9, 2025). To determine if these rates are reasonable, this Court must look to "the prevailing market rates in the relevant community," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010), which is generally "the place where the case is filed," *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). An attorney's actual billing rate is generally strong evidence of the market rate because "billing rates reflect market rates," and "they [therefore] provide an efficient and fair short cut for determining the market rate." *Student Pub. Int. Rsch. Grp. of N.J., Inc. v. AT & T Bell Lab'ys*, 842 F.2d 1436, 1445 (3d Cir. 1988); *see also Spegon v. Cath. Bishop*, 175 F.3d 544, 555 (7th Cir. 1999); *Baylor v. Michell Rubenstein & Assocs., P.C.*, 735 F. App'x 733, 735 (D.C. Cir. 2018).

Here, Mr. Myers provided a verified statement that the above billing rates, $712.00 per hour and $632.00 per hour, were the rates agreed to by Defendants when they engaged Stevens & Lee in this matter and reflected the amounts invoiced to Defendants. *See* ECF No. 62 at 2, 6. As the actual billing rates charged to Defendants, these rates are strong evidence of the prevailing market rate. *See AT & T Bell Lab'ys*, 842 F.2d at 1445. Additionally, these rates are relatively close in amount to those listed on a fee schedule issued by Community Legal Services, Inc., which the Third Circuit has "approvingly cited" and which has been found by this District "to be a fair reflection of the prevailing market rates in Philadelphia." *See Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (citations omitted). That fee schedule lists an hourly range of $630–715

per hour for an attorney with 21–25 years of experience and $535–625 per hour for an attorney with 16–20 years of experience. *Attorney Fees*, Cmty. Legal Servs. of Phila., https://clsphila.org/about-community-legal-services/attorney-fees/[https://perma.cc/UWH6-PTM 4]. Mr. Myers's profile on the Stevens & Lee website holds him out as having "two decades of experience" arguing and briefing cases.[1] *Karl S. Myers*, Stevens & Lee, https://www.stevenslee.com/professional/karl-s-myers/ [https://perma.cc/QHH2-WATN] (last accessed July 10, 2025). Mr. Brunelli appears to have a similar amount of experience.[2] Given that Mr. Myers's and Mr. Brunelli's actual billing rates and the fact that these rates are not far afield from those listed on the Community Legal Services fee schedule, this Court finds Mr. Myers's and Mr. Brunelli's billing rates to be "reasonable hourly rate[s]." *Augustyn*, 139 F.4th at 259.

Plaintiff argues that Defendants were required to provide additional evidence of Counsel's billing rates, such as a "billing rate chart" or "retainer." ECF No. 63 at 5–6. However, Mr. Myers submitted a verified and sworn statement regarding his and Mr. Brunelli's billing rates for this matter. *See* ECF No. 62. That type of "declaration evidence [may] satisf[y] the Court that the requested rates are reasonable." *Pulatov v. U.S. Citizenship & Immigr. Servs.*, 532 F. Supp. 3d 575, 580 (N.D. Ill. 2021); *see also Reisman v. Ne. Power & Gas, LLC*, 720 F. Supp. 3d 279, 295 (S.D.N.Y. 2024) (costs can be "substantiated through invoices or receipts" or through a "sworn statement"); *Chestnut v. Wallace*, No. 4:16-CV-1721, 2020 WL 5801041, at *3 (E.D. Mo. Sept. 29, 2020) (relying on "Plaintiff's verified statement and affidavits" and Court's own "experience

---

[1] The Court may take judicial notice of how a law firm website holds out its attorneys. *See Paulson v. Guardian Life Ins. Co. of Am.*, 614 F. Supp. 3d 1, 8 n.5 (S.D.N.Y. 2022).

[2] Though Mr. Brunelli's biography on the Stevens & Lee website does not identify his years of experience, his LinkedIn profile—which is linked to the Stevens & Lee website—identifies him as having graduated law school in 2004, with at least thirteen years of experience working at Stevens & Lee. *Matthew Brunelli*, LinkedIn, https://www.linkedin.com/in/matthew-brunelli-b6593351 [https://perma.cc/6JS6-88PS] (last accessed July 28, 2025).

and knowledge of prevailing market rates" to conclude attorney's hourly rate was reasonable). Though it would be prudent for Counsel to submit additional documentation of their rates, Counsel's verified statement of the actual rates being billed in this matter satisfies the Court under these circumstances.

Plaintiff next argues that $300 per hour is the reasonable hourly rate. *See* ECF No. 63 at 6. However, the cases cited by Plaintiff are distinguishable. *See* ECF No. 63 at 6–7 (citing cases). In two cases, the Court found hourly rates around $300 to be reasonable because those rates were requested by the movants and not objected to by the opposing party. *See CT Install Am., LLC v. Boryszewski*, No. 22-cv-4557, 2024 U.S. Dist. LEXIS 195990, at *4 (E.D. Pa. Oct. 29, 2024); *McNulty v. Middle E. F.*, No. 20-cv-02945, 2022 U.S. Dist. LEXIS 11971, at *7 (E.D. Pa. Jan. 24, 2022). It does not follow that higher rates would be unreasonable. And neither case identified the attorneys' years of experience, while both Mr. Myer and Mr. Brunelli have significant litigation experience. For attorneys with comparable litigation experience, cases in this District have found rates above $700 per hour to be reasonable. *See Donofrio v. IKEA US Retail, LLC*, No. CV 18-599, 2024 WL 3511614, at *4 (E.D. Pa. July 23, 2024) (finding a rate of $771.75 per hour to be reasonable in connection with a motion for sanctions, including for an attorney with over two decades of experience); *Easterling v. County of Delaware*, No. CV 23-5016, 2025 WL 1480359, at *3 (E.D. Pa. May 22, 2025) (finding a $750 per hour rate to be reasonable for a partner with significant litigation experience).

Plaintiff also cites a number of cases from the Middle District of Pennsylvania. *See* ECF No. 63 at 6–7. However, the relevant market generally is "the place where the case is filed." *Cullens*, 29 F.3d at 1494; *see Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983); *Consolo v. George*, No. 94-1202, 1996 U.S. App. LEXIS 10196, at *14 (1st Cir. May 3, 1996); *cf. Pub. Int.*

*Rsch. Grp. v. Windall*, 51 F.3d 1179, 1182 (3d Cir. 1995) (affirming that the District of New Jersey was the relevant legal market in case arising from that District). Here, as discussed above, cases from the Eastern District of Pennsylvania, where this case was filed, support that Mr. Myer's and Mr. Brunelli's hourly rates were reasonable.[3]

### B. Calculating the Reasonable Hours Worked

Next, this Court must multiply the reasonable hourly rate by "the reasonable hours worked." *Augustyn*, 139 F.4th at 259. Defendants report that Mr. Myers billed 12.1 hours and Mr. Brunelli billed 16.7 hours to prepare the Motion for Contempt and Sanctions and for oral argument on the Motion. *See* ECF No. 62 at 2–5. Defendants add that they omitted a total of 8.5 hours from these amounts because it reflected a mix of activities or could appear duplicative. *See id.* at 5. To determine the reasonable hours worked, courts may consider whether any billing entries are "excessive, redundant, or otherwise unnecessary." *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Courts may also reduce or strike hours that are insufficiently descriptive or involve "block bill[ing]" instead of "itemiz[ing] each task individually." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

Plaintiff raises a slew of objections to Defendants' time entries, many of which, though not all, lack merit. First, Plaintiff objects to Defendants' total hours, insisting that preparing the Motion for Contempt and Sanctions should "have taken less than one hour" and "preparation for oral argument should [have] only take[n] a couple of minutes." ECF No. 63 at 9. That is a preposterous conclusion: This case involves Plaintiff "repeatedly miss[ing] deadlines," ECF No. 60 at 3, and

---

[3] The Court addresses Plaintiff's objection that an associate, paralegal, or legal assistant may have been able to perform some of the billed-for tasks, *see* ECF No. 63 at 5–6, below in its analysis of the reasonable hours worked.

reviewing that drawn out procedural history, analyzing sanctions case law, drafting a high-stakes sanctions motion, and preparing for an ultimately two-hour oral argument would take longer than an hour and "a couple of minutes," *see* ECF No. 63 at 9. Besides the exceptions identified below, Defendants' hours reasonably reflect that preparation.

Second, according to Plaintiff, Defendants should not be permitted to bill for internal communications. *Id.* at 10, 12. However, "[c]ourts may award fees for inter-office communications so long as the time spent communicating is 'reasonably expended.'" *Stragapede v. City of Evanston*, 215 F. Supp. 3d 708, 716 (N.D. Ill. 2016) (citation omitted); *see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1269 (S.D. Ala. 2013). In fact, that time may be "significantly more efficient than one attorney's trying to wade through the issue alone" and can facilitate coordination that reduces duplicative efforts. *See Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008). Here, Defendants appear to have spent less than several hours communicating with one another and did not double bill for internal communications. *See* ECF No. 62 at 2–4. Given each attorney's heavy involvement in preparing the Motion for Contempt and Sanctions, that time is reasonable. *See Rayna P. v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 562 (D. Del. 2019) (finding approximately 1.5 hours per week billed for internal communications to be reasonable); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012) (where team was leanly staffed, primarily involving two attorneys, time billed for internal communications and one attorney's review of the other's work was not duplicative or unreasonable).

Plaintiff next takes issue with specific billing entries that it claims are excessive. It objects to Mr. Myers billing 1.2 (0.8 and 0.4) hours for "strategy," 0.5 hours for his review of Plaintiff's Opposition to the Motion for Contempt and Sanctions, and 4.3 hours to prepare for oral argument. ECF No. 63 at 10–12. And Plaintiff likewise objects to Mr. Brunelli billing 0.8 hours for his review

6

of Plaintiff's Opposition to the Motion for Contempt and Sanctions and 5.4 hours for preparing for the hearing, particularly since he "was not the lead counsel." *Id.* at 11–12. Though strategy is an important part of litigation, where multiple attorneys are billing "large numbers of hours for strategy," that time may be unreasonable. *See Daggett v. Kimmelman*, 811 F.2d 793, 797 (3d Cir. 1987) (holding that district court did not abuse its discretion in reducing a fee award on this basis, though vacating and remanding other parts of the award). However, that problem is not present here: Mr. Myers billed 0.8 and 0.4 hours for strategizing about Defendants' approach to the Motion for Contempt and Sanctions—neither that amount, which is just over an hour, nor the amount Defendants spent reviewing Plaintiff's Opposition brief is unreasonable. *See* ECF No. 62 at 2–3. But this Court will reduce some of Defendants' entries related to preparing for the Motion hearing. Specifically, the Court reduces by fifty percent Mr. Brunelli's 2.20-hour time entry on May 27, 2025 and Mr. Myers's 1-hour time entry on May 28, 2025, *see* ECF No. 62 at 4, because these entries are vague and state only that the attorneys "prepar[ed] for [the] hearing on the motion for contempt and sanctions," without offering additional detail.[4] *See Ortiz v. New York*, 843 F. App'x 355, 360 (2d Cir. 2021) ("When there are problems with billing records, such as vague entries," courts may use "percentage cuts as a practical means of trimming fat."). Considering Counsel's other time entries for hearing preparation, this Court finds that such a reduction appropriately captures a reasonable amount of preparation for the hearing.

    Plaintiff also argues that Defendants engaged in double billing because both Mr. Myers and Mr. Brunelli worked on the Motion for Contempt and Sanctions, reviewed Plaintiff's Opposition brief and the Court's May 9, 2025 Order, and attended the hearing on the Motion. *See*

---

[4] A couple of other entries regarding hearing preparation raise similar problems. *See* ECF No. 62 at 4 (0.4- and 0.2-hour entries on May 23, 2025). However, the Court deems the above reduction to be adequate to reflect reasonable hours worked given this case and its procedural history.

ECF No. 63 at 11–12. As an initial matter, "[t]here is nothing inherently wrong with using two or more attorneys to handle a lawsuit if its scope suggests that such staffing is appropriate." *Tucker v. City of New York*, 704 F. Supp. 2d 347, 355 (S.D.N.Y. 2010); *see also Diamond Resorts Int'l v. Consumer*, No. 18-8031-CIV, 2021 WL 4973586, at *4 (S.D. Fla. June 24, 2021) ("It is reasonable to have one associate and one partner prepare and review this Motion."). And when a case is staffed with only "one partner and one associate," "there is nothing unusual with a partner taking on legal research at times, especially when partners might very well be speedier and more efficient." *Hill v. Harrington*, No. 1:18-CV-05592, 2024 WL 4333192, at *5 (N.D. Ill. Sept. 28, 2024). The Court finds it reasonable that both Mr. Myers and Mr. Brunelli would work on the Motion for Contempt and Sanctions, given the tortured history of discovery in this case and the high-stakes nature of the matter—with over $900,000 in potential damages and a nearly $150,000 counterclaim—and that Mr. Myers would both review the draft Motion and research case law given the lean staffing in this case. *See, e.g.*, ECF No. 62 at 3.

  Furthermore, it is reasonable that Mr. Myers and Mr. Brunelli each billed for review of the Plaintiff's Opposition to their Motion. *See* ECF No. 62 at 3–4. Since both attorneys were involved in preparing the Motion and for oral argument, it is reasonable that each would need to review an important filing like Plaintiff's Opposition. *Brenlla v. LaSorsa Buick Pontiac Chevrolet, Inc.*, No. 00 Civ. 5207, 2002 U.S. Dist. LEXIS 9358, at *45–46 (S.D.N.Y. May 28, 2002) (finding it reasonable for one partner and senior associate to review the defendants' response to an EEOC charge while drafting an EEOC complaint); *Clark v. Oakhill Condo. Ass'n*, No. 3:08-CV-283, 2011 WL 1296719, at *9 (D. In. Mar. 31, 2011) (finding that it was reasonable for two attorneys to review the court's opinion in order to adequately participate in the case). Nor was the time Mr. Myers and Mr. Brunelli expended to do so—0.5 and 0.8 hours respectively—excessive for a 13-

page Opposition with several exhibits, *see* ECF No. 58 at 1–13; *see also* ECF No. 57 at 1–3. *See* ECF No. 62 at 3–4 (0.2-, 0.6-, and 0.5-hour entries). However, the Court finds it duplicative for both attorneys to have spent 0.1 hours reviewing the Court's May 9, 2025 Order. *See* ECF No. 62 at 3. That Order straightforwardly scheduled a hearing and gave Plaintiff a response deadline; it did not require two senior attorneys—particularly a shareholder—to bill their time. *See* ECF No. 56 at 1. Accordingly, the Court deducts Mr. Myers's 0.1 hours billed for reviewing the Order. *See* ECF No. 62 at 3.

Next, it was reasonable for both Mr. Myers and Mr. Brunelli to attend the May 28, 2025 hearing on the Motion for Contempt and Sanctions. *See id.* at 4–5. However, the Court will reduce their respective 2.8-hour and 3-hour time entries each to 2 hours. *See id.* "The mere fact that multiple attorneys . . . attended [legal proceedings] does not, on its own, make counsel's claimed hours unreasonable," so long as each lawyer's attendance had a purpose. *See Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020). Here, though "[Mr. Myers] made the majority of the statements . . . at oral argument," Mr. Brunelli "completed a substantial portion of the work on the Motion." *S. La. Ethanol LLC v. Messer*, No. 11-2715, 2013 WL 4499027, at *6 (E.D. La. Aug. 20, 2013). Mr. Brunelli, who sat at counsel table, was not a mere observer—he provided important support to Mr. Myers as his associate, given Mr. Brunelli's knowledge of the legal issues and the record. *See id.* However, the hearing lasted two hours, ECF No. 59 at 1, and Mr. Myers and Mr. Brunelli offer only vague justifications for billing in excess of that time. *See* ECF No. 62 at 4–5 (billing entries citing to "related conferences," "telephone re: same," and "[p]repare for . . . hearing").[5] Accordingly, the Court will reduce Counsel's 2.8- and 3-hour entries

---

[5] This likewise reasonably addresses Plaintiff's objection that Defendants billed for time after the hearing, as these entries, and an 0.4-hour entry on May 28, 2025, *see* ECF No. 62 at 4–5, are the only entries to which that objection seemingly applies, and Plaintiff has not pointed this Court to

9

on May 28, 2025 each to 2 hours.

Next, Plaintiff argues that this Court should exclude entries that reflect block billing. *See* ECF No. 63 at 12. Though this Circuit has not prohibited attorneys from recovering fees for block-billed entries, "[b]lock billing makes it more difficult for courts to review hours expended" because it can obscure "how many hours a lawyer spent on a discrete task." *Simring v. Rutgers*, 634 F. App'x 853, 859 (3d Cir. 2015). Thus, where block billing makes it difficult to assess the reasonableness of the time spent on each task, courts may reduce time entries. *See, e.g.*, *Johnson v. Mold Sols. & Inspections, LLC*, 645 F. Supp. 3d 429, 435–36 (E.D. Pa. 2022). Here, only one entry substantially raises that concern—Mr. Brunelli's 4.2-hour time entry on May 8, 2025. *See* ECF No. 62 at 3. That entry groups together an internal telephone conference, a vague reference to "preparing [the] motion for sanctions," and an analysis of "case law and Federal Rules of Civil Procedure." *See id.* Particularly given the vague nature of the middle task—"preparing [the] motion for sanctions"—it is difficult to assess whether 4.2 hours is reasonable. *See id.* Accordingly, this Court will reduce this time entry by approximately 20 percent to 3.3 hours. *See Arbitration Advisory 2016-02: Analysis of Potential Bill Padding and Other Billing Issues*, at 10, Cal. State Bar, https://www.calbar.ca.gov/portals/0/documents/mfa/2016/2016-02_Bill-Padding_r.pdf [https://perma.cc/TJM7-A67X] (Mar. 25, 2016) (citing prior research by the California State Bar, which indicated that block billing "may increase time by 10% to 30%"); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971, 973 (D.C. Cir. 2004) (affirming district court's percentage reduction of total hours billed, including because many entries involved block billing); *see also Welch*, 480 F.3d at 948 (holding that block billing justified reducing the specific hours

---

specific entries. *See* ECF No. 63 at 12. Spending 0.4 hours—less than a half hour—relaying the results of a hearing appears reasonable, given that the hearing covered multiple discovery issues and lasted two hours.

that were block billed, though it did not justify reducing the total hours).

Plaintiff's remaining arguments fail. Plaintiff objects to Mr. Myers billing "for review of the filed motion." ECF No. 63 at 11. However, Mr. Myers billed only 0.1 hours or six minutes for that task, which reflects a sensible amount of time to check the brief for any errors or filing issues and preliminarily review the brief's substance ahead of oral argument. *See* ECF No. 62 at 3. Plaintiff also takes issues with Defendants not "disclos[ing] whether a [more junior] associate, paralegal or legal assistant" could have performed any of the tasks. *See* ECF No. 63 at 5. However, Plaintiff fails to identify specific entries that are unreasonable on this basis, and Defendants' entries reflect substantive legal tasks appropriate for a shareholder and an associate to perform. *See Hill*, 2024 WL 4333192, at *5 (where case is staffed with "one partner and one associate," it is not unusual for partner to "tak[e] on legal research at times"). Lastly, Plaintiff argues that the Motion for Contempt and Sanctions was "not a complete success" because the Court supposedly denied sanctions in relation to deposition scheduling issues. *See* ECF No. 63 at 8–9. But that misstates the Court's holding. The Court concluded only that "further sanctions" beyond attorney's fees were unwarranted but flagged serious deposition scheduling issues committed by Plaintiff's witnesses, such as disregarding the deposition timeline established by the Court "for their own business reasons." *See* ECF No. 60 at 5. Plaintiff adds that the Motion was not a complete success because Defendants sought additional relief, such as entry of default judgment. *See* ECF No. 63 at 8–9. While that may be true, given the hours that the Court has reduced above, Defendants' total hours appear to reasonably reflect the outcome.

In light of the foregoing, the number of reasonable hours worked by Mr. Myers is 10.7 and Mr. Brunelli is 13.7. Thus, the lodestar value in this this case is $16,276.80, reflecting Mr. Myers's $712 per hour rate multiplied by 10.7 hours and Mr. Brunelli's $632 per hour rate multiplied by

13.7 hours.

### C. Departing from the Lodestar is Inappropriate

Finally, this case is not one of the "rare circumstances" where departing from the lodestar is appropriate. *See Augustyn*, 139 F.4th at 260. To decide whether a departure from the lodestar value is permissible, courts may consider twelve factors: "(1) requisite time and labor, (2) novelty and difficulty of the issues, (3) skill needed to perform the service properly, (4) preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* at 260 n.5. These factors do not warrant a departure from the lodestar here. Defendants' Sanctions Motion addressed discovery issues that were neither so novel or simple to warrant an upward or downward departure. *See* ECF No. 60 at 1–5. Consequently, the skill and time the issues required were not out of the ordinary. And except for the "results obtained," which are discussed above, neither Party offers evidence regarding the above factors. *Augustyn*, 139 F.4th at 260 n.5. Accordingly, the lodestar value is appropriate in this case.

### II. **CONCLUSION**

For the foregoing reasons, the Court will award $16,276.80 in attorney's fees, in connection with its prior Order granting in part Defendants' Motion for Contempt and Sanctions. *See* ECF No. 61 at 1. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**