# Stevens & Lee

620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
(610) 205-6000
www.stevenslee.com

Direct Dial:  (215) 751-1955
Email:  matthew.brunelli@stevenslee.com
Direct Fax:  (610) 371-1239

January 27, 2026

**VIA CM/ECF**
Clerk
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    **Re:**    **Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics v. UPMC Health Plan Inc. et al., No. 2:24-CV-00227-CFK**

Dear Sir/Madam Clerk:

    The undersigned counsel represents UPMC Health Plan Inc. and University of Pittsburgh Medical Center (together, "UPMC") in the above-referenced action.  On January 5, 2026, UPMC filed its Bill of Costs, requesting that the Clerk tax $7,710.64 in costs.  (ECF No. 91).  On January 20, 2026, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis") lodged four primary objections.  (ECF No. 92).

    UPMC now submits this letter in response to Genesis' objections.  For the following reasons, Genesis' objections either lack merit or UPMC agrees to a reduction or omission.  UPMC's updated request is for the Clerk to tax $7,396.63 in costs against Genesis.

    *First*, Genesis argues that it should not be taxed any costs associated with two subpoenas UPMC caused to be served by private process servers.  UPMC agrees that these two service fees may be reduced to the Marshalls Service base rate of $65, and so the cost for these two may be reduced from $255 to $130.  But there is no basis for the Clerk to disallow all recovery here, as Genesis requests, given UPMC is certainly entitled to recovery of at least the Marshalls' rate.  *See K7 Design Group, Inc. v. Five Below, Inc.*, 2023 WL 4108837, *2 (E.D. Pa. 2023) (ordering taxation of private service cost at Marshalls Service $65 base rate where specifics of private costs were not provided); 28 C.F.R. § 0.114 (providing for Marshals Service $65 base rate).

Allentown • Bergen County • Bala Cynwyd • Fort Lauderdale • Harrisburg • Lancaster • New York
Philadelphia • Princeton • Reading • Rochester • Scranton • Valley Forge • Wilkes-Barre • Wilmington
A PROFESSIONAL CORPORATION

01/27/2026 SL1 3981757v1 102120.00049

*Second*, Genesis contends that the transcription fees requested should be reduced because, according to Genesis, expedited fees are not taxable "when incurred 'solely for the convenience of counsel.'" (ECF No. 92, p. 2) (citation omitted). This argument fails.

Here, UPMC sought transcription fees associated with five depositions. *See* ECF No. 91-2 (deposition transcript invoices and proof of payment regarding depositions for Alan Miller, Gabbi Laven, Abraham Miller, Heidi Beggan and Matthew Moyer). Of those depositions, expedited fees were incurred for Alan Miller, a Genesis witness, and Beggan and Moyer, UPMC's witnesses. The incurred fees were $842.40, $844.24 and $283.72, respectively.

These fees were not incurred for the convenience of counsel. The transcripts were expedited so the parties could meet the Court's July 16, 2025 summary judgment motion deadline. These depositions were taken just before that deadline, in late June and early July 2025. They were delayed to that time because of Genesis' repeated failures to comply with its discovery obligations, as the Court noted in multiple orders. *See generally* ECF Nos. 51, 54 (ordering Genesis' compliance with its discovery obligations) & 61 (sanctioning Genesis for its discovery compliance failures). Thus, the expedited rates were necessary—not for convenience.

Genesis also argues that "secure hosting, logistics and processing fees, should be excluded." ECF No. 92, p. 2. The cases it cites in support do not speak to these fees. What is more, these fees ($165 per deposition) pertain to the depositions Genesis took of UPMC's witnesses, Beggan and Moyer. *See* ECF No. 91-2. Genesis scheduled these depositions and Genesis chose the court reporter that invoiced for those charges. Genesis cannot complain about charges that Genesis itself created through its choice of reporter.

Genesis lastly complains that "deposition summary fees, in-person fee and after hour chares [sic] should be excluded," again arguing these fees were incurred for the "convenience of counsel." *See* ECF No. 92, p. 2.

The "deposition summary" fee was $25 for Alan Miller's deposition and $49 for Moyer's deposition. UPMC agrees to withdraw the $25 fee. But, again, Genesis' chosen court reporter charged the $49 fee, and so it is properly taxed against Genesis.

The "in-person" fees relate to Laven's and Abraham Miller's depositions. *See* ECF No. 91-2. The fee for each was $150. *See* ECF No. 91-2. Genesis fails to direct the Clerk to any law supporting its position. The only case it references speaks to "other condensed versions of the transcripts," not in-person fees. *Duchesneau v. Cornell Univ.*, 2015 WL 619609 *7 (E.D. Pa. 2015). There is no reason why in-person fees should not

Stevens & Lee

January 27, 2026
Page 3

be taxed, as Federal Rule of Civil Procedure 30 gave UPMC the right to take in-person depositions.  What is more, Genesis itself <u>insisted</u> on in-person depositions.  It refused to allow Beggan (the only distant witness) to testify virtually and forced her to travel from Pittsburgh to Philadelphia for an in-person deposition.  Once again, the fees here ultimately are the result of Genesis' own choices.

As for the "after hour" charge of $125 for Abraham Miller's deposition, Genesis again fails to direct the Clerk to any authority supporting its position.  This fee is appropriately taxed under 28 U.S.C. § 1920(2), as it was incurred to obtain a transcript "for use in the case."  In any event, like the expedited rates, the after-hour charge here is the product of Genesis' conduct that delayed the depositions until just before the summary judgment deadline.

<u>Third</u>, Genesis argues that the printing costs of $21.60 should not be taxed because UPMC did not sufficiently describe the purpose of this charge.  *See* ECF No. 92, p. 2.  This is not true, as UPMC attached a spreadsheet to its Bill of Costs (*see* ECF No. 91-1) itemizing its copying charges.  But in an effort to resolve this (especially since the charge is for $21.60), UPMC agrees the Clerk may omit this from the taxation of costs.

<u>Fourth</u>, Genesis objects to a portion of the witness fee associated with Beggan's deposition—specifically, the $329.41 lodging fee.  Genesis contends that this should be reduced to the General Services Administration rate of $187.  UPMC agrees that the Clerk may apply that rate, and thus reduce Beggan's total witness fee to $745.97.

As detailed above, UPMC agrees to reduce the taxable costs sought to $7,396.63.  This figure is comprised of subpoena service fees ($130), deposition transcripts ($6,520.66) and a witness fee ($745.97).  The foregoing fees and costs are appropriately taxed against Plaintiff per Rule 54.

Respectfully submitted,

STEVENS & LEE

*/s/ Matthew C. Brunelli*

Karl S. Myers
Matthew C. Brunelli
*Counsel for Defendants*

Stevens & Lee

January 27, 2026
Page 4

## CERTIFICATE OF SERVICE

I, Matthew C. Brunelli, certify that on the date below I am serving the foregoing on all counsel of record and parties by the Court's electronic filing system.

                                                           */s/ Matthew C. Brunelli*
                                                           Matthew C. Brunelli

Dated: January 27, 2026